{¶ 6} Being unable to agree with the majority's conclusion thatState ex rel Lawson v. Mondie Forge, 104 Ohio St.3d 39, 2004-Ohio-6086, requires this court to issue a writ of mandamus to reverse the commission's order terminating relator's permanent and total disability ("PTD") compensation, I respectfully dissent.
 {¶ 7} Although I recognize that the holding and facts ofLawson establishes that one does not have to be totally physically restricted from performing usual daily activities, or be unable to engage in voluntary chores on behalf of others or one's community in order to maintain a status of PTD, I believe the level of physical and commercial activity present in relator's case at bar exceeds that inLawson so as to be distinguishable therefrom, and falls into that which is impermissible under the law.
 {¶ 8} The Lawson facts establish a PTD claimant who occasionally performed voluntary acts for neighbors and his community over a nine-year period with little to no remuneration, and which the court recognized were mostly within his permitted range of physical restrictions.
 {¶ 9} In contrast, at bar, we are faced with a claimant whose physical condition justifying PTD was such that he required a handbar in his tub for getting in and out of it and was unable to do any work around his house and was unable to sit, stand or walk for more *Page 5 
than 15 to 30 minutes. After investigation and surveillance, it was established that relator was engaged as the owner and sole laborer for his own yard care business. Here, the relator is actually operating a business, admittedly weekly mowing lawns and doing yard work which includes walk-behind mowing, rider mowing, weed-eating, and blower operations as well as loading and unloading all necessary equipment for these tasks. At a minimum, relator had five regular lawns for fees for the growing season which is six months and easily could encompass regular yard maintenance for clients well over 100 times. Moreover, relator had an ongoing commercial business, advertising to the public at large through newspapers, truck logos, and business cards, all of which held himself out to the public as being available to do strenuous manual labor for a price for an untold additional number of customers who may call.
 {¶ 10} These activities are in contrast to those of Lawson where the Supreme Court of Ohio concluded that, although claimant had engaged in some physical tasks, it could not yet conclude he had reached a level of engaging in sustained remunerative employment. Lawson instructs us that:
 PTD pivots on a single question: Is the claimant capable of sustained remunerative employment? State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167 * * *. Payment of PTD is inappropriate where there is evidence of (1) actual sustained remunerative employment, State ex rel. Kirby v. Indus Comm., 97 Ohio Std.3d 427, 2002-Ohio-6668 * * *; (2) the physical ability to do sustained remunerative employment, State ex rel. Schultz v. Indus Comm., 96 Ohio St.3d 27, 2002-Ohio-3316 * * *; or (3) activities so medically inconsistent with the disability evidence that they impeach the medical evidence underlying the award. See State ex rel. Timmerman Truss, Inc. v. Indus. Comm., 102 Ohio St.3d 244, 2004-Ohio-2589 * * *
(Emphasis sic.) Id. at ¶ 16. *Page 6 
 {¶ 11} I must conclude that claimant's activities here establish evidence in all three sub-questions that payment of PTD is inappropriate. Claimant is in the business of sustained remunerative employment well beyond his physical restrictions. Additionally, he holds himself out to the public as such. Moreover, claimant here has exacerbated the situation by repeatedly lying to investigators as to his activities and hiding the business in his wife's name.
 {¶ 12} Mandamus requires a showing of a clear legal duty to grant relief where relator shows the commission has abused its discretion by issuing an order not supported by any evidence in the record. Where there is some evidence to support the commission's findings, there has been no abuse of discretion.
 {¶ 13} I cannot conclude an absence of some evidence where claimant is running and is sole operator of a fully advertised lawn care business. I would sustain the objections to the magistrate's decision. *Page 7