THE STATE EX REL. NICHOLLS *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454.]

(No. 95–1421—Submitted January 20, 1998—Decided April 22, 1998.)

---

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for relator.

*Betty D. Montgomery,* Attorney General, and *Michael Vanderhorst,* Assistant Attorney General, for respondent Industrial Commission.

*Thompson, Hine & Flory, Janis B. Rosenthal, Helen M. MacMurray* and *Philip B. Cochran,* for respondent American National Can Company.

---

***Per Curiam.*** Claimant contests the staff hearing officers' order on reconsideration on jurisdictional and evidentiary grounds. Our review supports the issuance of the requested writ on jurisdictional grounds.

Commission Resolution No. R94–1–8 permits reconsideration of the commission's order in three instances: (1) unusual legal, medical, or factual questions of interest to the commission; (2) new, previously undiscoverable evidence; or (3) fraud. None of these conditions exists here.

Fraud has never been alleged, leaving criteria one and two for our review. As to these latter criteria, the respondent employer claims that the possibility that claimant's nonallowed right arm amputation was considered was a legal question of interest to the commission, justifying reconsideration. This contention is rejected for two reasons.

First, there is no legal question to be debated. There has never been a debatable question about the status of nonallowed conditions in a permanent total disability determination—these conditions have always been excluded. Second, *nothing* in the staff hearing officers' order on reconsideration suggests that nonallowed conditions were even considered.

The employer responds that the Parman vocational report—submitted with its reconsideration request—was new, previously undiscoverable evidence. This, too, lacks merit, for while the report was "new" in terms of its submission date, it was not previously undiscoverable. The employer could have "discovered" the vocational evidence it sought months earlier, had it not waited until the adjudicatory process was well under way before seeking a vocational evaluation.

The commission, therefore, violated the terms of its own resolution in exercising reconsideration jurisdiction.

In addition, R.C. 4123.52 states:

"The jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion, is justified."

The commission claims that reconsideration was "in its opinion justified," making it, therefore, proper. This claim has no merit. Continuing jurisdiction is

not unlimited. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372. Its prerequisites are (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by inferior tribunal. *State ex rel. Cuyahoga Hts. Local School Dist. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383; *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 174 N.E. 345; *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149; *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379; *B & C Machine.*

None of these prerequisites exists here. Again, there has been no allegation of new and changed circumstances or fraud. There is also no *clear* error of any kind. The reconsideration order cites only the *possibility* of error, and an unspecified error at that.

Our approval of the staff hearing officers' order on reconsideration would effectively give the commission unrestricted jurisdiction. Error is always possible, and its existence cannot be refuted when the commission is not made to reveal what the perceived error is. We find, therefore, that the mere possibility of unspecified error cannot sustain the invocation of continuing jurisdiction.

The commission, therefore, abused its discretion in examining anew the merits of claimant's application for permanent total disability compensation. Accordingly, a writ of mandamus is hereby granted, and the commission is ordered to vacate its denial of permanent total disability compensation and to reinstate the May 1994 order of the staff hearing officers.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.