THE STATE EX REL. HAMPE, APPELLANT, *v.* MTD
PRODUCTS, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Hampe v. MTD Products,
Inc.* (1999), 84 Ohio St.3d 422.]

(No. 96–2734—Submitted August 19, 1998—Decided February 10, 1999.)

*Ben Sheerer Law Offices* and *Thomas R. Pitts,* for appellant.

*David R. Cook,* for appellee MTD Products, Inc.

*Betty D. Montgomery,* Attorney General, and *Lisa A. Sotos,* Assistant Attorney General, for appellee Industrial Commission.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging reversal for *amicus curiae* Ohio Academy of Trial Lawyers.

---

*Per Curiam.* Claimant alleges that the commission abused its discretion in (1) asserting jurisdiction to reexamine the district hearing officer's December 7, 1990 TTD award and (2) setting a retroactive TTD termination date. We agree with both assertions.

*State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188, and *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, support claimant's propositions. As to claimant's first proposition, *Nicholls* held that the possibility of unspecified error cannot sustain the exercise of continuing jurisdiction under R.C. 4123.52. *Russell,* as to claimant's other proposition, held that the date on which to terminate disputed TTD on the basis

of having reached MMI is the date of the termination hearing. The commission, therefore, abused its discretion in both regards.

Accordingly, the judgment of the court of appeals is reversed, and the commission is ordered to vacate its orders of July 6, 1992 and August 8, 1994, and to reinstate its earlier award of TTD.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.** I agree with the majority's determination that the date of the termination hearing is the proper date on which to terminate total temporary disability compensation; but I dissent from the majority's conclusion that the Industrial Commission did not have jurisdiction to reconsider its order under R.C. 4123.52.