ON MOTIONS FOR SUMMARY JUDGMENT IN MANDAMUS DECISION
Relator, Dennis Sitterly, commenced this original action requesting a writ of mandamus: (1) ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which granted the request for reconsideration filed by respondent, Great Lakes Construction ("Great Lakes"), and remanded relator's application for permanent partial disability compensation to the Ohio Bureau of Workers' Compensation; and (2) ordering the commission to issue a new order finding that relator is entitled to a permanent partial disability award of thirty percent.
Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision upon respondents' motions for summary judgment, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concluded that relator's mandamus action is premature because relator has not yet exhausted his administrative remedies. The magistrate noted that the commission granted Great Lakes' request for reconsideration because it found a clear mistake of law, i.e., the Staff Hearing Officer's reliance upon a physician's report that took into account a non-allowed condition in determining the permanent partial disability award to relator. Consequently, the commission vacated the Staff Hearing Officer's order.
After a review of the evidence presented to support relator's application for permanent partial disability compensation, the commission remanded relator's application to the Bureau of Workers' Compensation so that a proper medical examination of relator could occur. As relator then filed this mandamus action, the commission has made no definitive determination regarding relator's application. Because of this lack of a definitive determination, the magistrate concluded that relator has not yet exhausted his administrative remedies and, thus, granted respondents' motions for summary judgment.
Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and reached the appropriate conclusion as dictated by law. We, however, rely upon slightly different legal reasoning in reaching the conclusion that summary judgment is appropriate.
In order for a court to issue a writ of mandamus, relator must demonstrate that: (1) he has a clear legal right to the relief requested; (2) respondents are under a clear legal duty to perform the acts requested; and (3) relator has no plain and adequate remedy at law. State ex rel. Stafford v. Indus. Comm. (1989), 47 Ohio St.3d 76, 77-78. A court, however, will not issue a writ of mandamus if a relator fails to exhaust its available administrative remedies. Id.; State ex rel. Leyendecker v. Duro Test Corp. (1999), 87 Ohio St.3d 237, 237-238; State ex rel. Bailey v. Indus. Comm. (1991), 62 Ohio St.3d 191, 192; State ex rel. Reeves v. Indus. Comm. (1990), 53 Ohio St.3d 212, 213.
The doctrine of exhaustion of administrative remedies "applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course." United States v. Western Pacific R.R. Co. (1956),352 U.S. 59, 63, 77 S.Ct. 161. See, also, Basic Distrib. Corp. v. Ohio Dept. of Taxation (2002), 94 Ohio St.3d 287, 290 ("[t]he purpose of the doctrine of exhaustion of administrative remedies is to prevent premature interference with the administrative processes"). In summarizing the general policies pertaining to the doctrine of exhaustion of administrative remedies, the Ohio Supreme Court stated:
 * * * "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." * * * The purpose of the doctrine "* * * is to permit an administrative agency to apply its special expertise * * * and in developing a factual record without premature judicial intervention." * * * The judicial deference afforded administrative agencies is to "* * * `prepare the way, if the litigation should take its ultimate course, for a more informed and precise determination by the Court * * *.'" * * * [Nemazee v. Mt. Sinai Medical Ctr. (1990), 56 Ohio St.3d 109, 111-112 (citations omitted).]
Here, the commission has remanded this matter to the Bureau of Workers' Compensation for further review. Due to the physician's reliance upon a non-allowed condition in his report, the commission determined that more development of the factual record was necessary before permanent partial disability compensation could be awarded. Pursuant to the established policy supporting the doctrine of exhaustion of administrative remedies, the commission must be afforded this opportunity to "correct its own errors" and to "compile a factual record."
Relator, however, maintains that this court must determine now whether the commission properly exercised its continuing jurisdiction in granting Great Lakes' request for reconsideration. Continuing jurisdiction is not unlimited and can only be exercised if there is evidence of: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by inferior tribunal. State ex rel. Nicholls v. Indus. Comm. (1998), 81 Ohio St.3d 454, 459-460. Relator claims that summary judgment is inappropriate because there remain issues of fact as to whether the commission properly based its exercise of continuing jurisdiction on a "clear mistake of law."
Because the commission has yet to reach a definitive ruling on the merits of relator's application, we conclude that relator's complaint for a writ of mandamus is premature. A challenge of the commission's exercise of its continuing jurisdiction can be reviewed, if necessary, once a definitive, final order is issued regarding relator's application for permanent partial disability compensation.
We recognize that, on a few occasions, the Ohio Supreme Court has issued mandamus orders vacating or preventing a grant of reconsideration when the commission has failed to identify the basis for its exercise of continuing jurisdiction. See State ex rel. Foster v. Indus. Comm. (1999), 85 Ohio St.3d 320, 323; State ex rel. Nicholls, supra, at 459. However, this matter is not controlled by either Nicholls or Foster. Here, unlike in Nicholls or Foster, the commission has identified a specific error in the Staff Hearing Officer's order and has referred to evidence that it maintains supports its determination that error existed. Therefore, in the interest of allowing the administrative process to proceed unimpeded, we preserve for possible later review the issue of whether the commission abused its discretion by exercising continuing jurisdiction based upon a clear mistake of law.
Based upon the foregoing, we adopt the findings of fact contained in the magistrate's decision, but not the conclusions of law. We find respondents' motions for summary judgment should be granted because relator has not yet exhausted his administrative remedies.
Motions for summary judgment granted.
BOWMAN and PETREE, JJ., concur.
 APPENDIX A IN MANDAMUS ON MOTIONS FOR SUMMARY JUDGMENT
Relator, Dennis Sitterly, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted the request for reconsideration filed by respondent Great Lakes Construction ("Great Lakes") and remanding relator's application for permanent partial disability ("PPD") compensation to the Ohio Bureau of Workers' Compensation ("bureau") for a new medical examination, and ordering the commission to issue a new order finding that relator is entitled to a PPD award of thirty percent as determined by order of the commission dated February 1, 2001. Great Lakes has filed a motion to dismiss and the commission has filed motion for summary judgment.
Findings of Fact:
1. Relator sustained a work-related injury and his claim has been allowed for "lateral epicondylitis right."
2. On September 29, 2000, relator filed an application for the determination of the percentage of PPD as a result of his allowed conditions. Relator's motion was supported by the November 17, 2000 report of his treating physician, Dr. John Cook. In that report, Dr. Cook noted his objective findings and opined that relator had a total upper extremity impairment of fifty-five percent which is equal to a thirty-three percent whole person impairment. On a separate form, Dr. Cook enumerated his findings again and stated as follows: "There is severe median entrapment neuropathy present to the right elbow, which is equal to 55% UE."
3. The bureau issued a tentative order on November 30, 2000, granting relator an award of thirty-three percent PPD pursuant to the report of Dr. Cook.
4. Great Lakes filed an objection to the bureau's order and the matter was heard before a district hearing officer ("DHO") on February 1, 2001. The DHO found that relator was entitled to a thirty percent award of PPD pursuant to the report of Dr. Cook.
5. Great Lakes' request for reconsideration was denied by staff hearing officer ("SHO") order dated March 8, 2001.
6. On March 27, 2001, Great Lakes filed a request for reconsideration asking the commission to invoke its continuing jurisdiction pursuant to R.C. 4123.52 asserting that the report of Dr. Cook did not constitute some evidence upon which the commission could rely because he opined that relator's "severe median entrapment neuropathy present to the right elbow" is equal to a thirty-three percent whole person impairment. Great Lakes argued that the above condition was not an allowed condition.
7. The commission set Great Lakes' request for reconsideration for hearing to determine if the alleged mistake of law, mistake of fact and error was sufficient for the commission to invoke its continuing jurisdiction.
8. The commission addressed the issue on July 3, 2001, and granted Great Lakes' request for reconsideration finding that Great Lakes had met the burden of establishing that sufficient cause exists for the commission to exercise continuing jurisdiction pursuant to the holding in State ex rel. Nicholls v. Indus. Comm. (1998), 81 Ohio St.3d 454. Specifically, the commission found as follows:
 * * * [T]here is a clear mistake of law in the Staff Hearing Officer order dated 03/08/2001, wherein the Hearing Officer relied solely upon the 11/17/2000 report of Dr. Cook in determining the injured worker's percentage of permanent partial disability. In said report, Dr. Cook took into account the non-allowed condition "Median Entrapment Neuropathy, Right Elbow."
As such, the commission vacated the March 8, 2001 SHO order and referred the matter to the bureau for a new medical examination.
9. Thereafter, the bureau referred relator for an independent medical exam.
10. On August 17, 2001, relator filed the instant mandamus action in this court asking this court to issue a writ of mandamus ordering the commission to vacate its order remanding relator's application for PPD compensation to the bureau for new medical examination and ordering the commission to find that he is entitled to a thirty percent PPD award.
11. On September 18, 2001, Great Lakes filed a motion to dismiss and, on September 20, 2001, the commission filed a motion for summary judgment.
12. On September 20, 2001, Great Lakes filed a motion asking this court to construe its motion to dismiss as a motion for summary judgment.
13. The matter is now before this magistrate on the motions for summary judgment.
Conclusions of Law:
The Ohio Supreme Court has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
Respondents have filed motions for summary judgment asserting that relator's mandamus action is premature because the commission has not yet made a final determination on his application for PPD compensation. For the reasons that follow, this magistrate agrees.
A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material fact; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
In the present case, after the commission made a thirty percent PPD award to relator, Great Lakes filed a motion for reconsideration. Upon review of that motion, the commission held a hearing to determine whether there were grounds for the commission invoking its continuing jurisdiction pursuant to R.C. 4123.52. By order dated July 3, 2001, the commission determined that there was a clear mistake of law because the November 17, 2000 report of Dr. Cook, upon which the SHO had relied in awarding relator a thirty percent PPD award, had taken into account the nonallowed condition of "median entrapment neuropathy, right elbow." The commission then remanded the matter to the bureau for a new medical examination. At this point in time, the commission has not made a new determination concerning relator's application for PPD compensation.
Respondents argue that relator's mandamus action is premature because the commission has not yet made a final finding. This magistrate agrees.
In reviewing Nicholls, the claimant had been awarded permanent total disability ("PTD") compensation. The employer filed a motion for reconsideration. The commission issued an order granting reconsideration on the possibility of error in the prior commission order. The commission then went on to deny the claimant's application for PTD compensation. The claimant filed a mandamus action. Ultimately, the matter was reviewed by the Ohio Supreme Court which held that the mere possibility of an unspecified error cannot sustain the invocation of the commission's continuing jurisdiction.
Applying Nicholls to the present case, it is apparent that the proper timing for relator to file a mandamus action to challenge the commission's granting of Great Lakes' motion for reconsideration is after the commission issues a final order regarding his application or PPD compensation. As in Nicholls, once that determination is made, the court can review both the commission's order granting the motion for reconsideration as well as the merits concerning the underlying application. At this point in time, the administrative process of determining relator's application for PPD compensation is ongoing and relator has failed to exhaust his administrative remedies.
Based on the foregoing, this magistrate finds that respondents' motions for summary judgment should be granted because relator has not yet exhausted his administrative remedies because there is no final order regarding his application for PPD compensation.