THE STATE EX REL. MERIS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Meris v. Indus. Comm.,*
108 Ohio St.3d 113, 2006-Ohio-247.]

(No. 2004–1454—Submitted July 26, 2005—Decided February 8, 2006.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Nick Meris, was injured in an industrial accident in 1994. In 2001, he applied for permanent total disability compensation. In the work history portion of that form, Meris listed two jobs—a position as a laborer from 1987 through 1994 and employment as a painter from 1994 on.

{¶ 2} A staff hearing officer for appellee Industrial Commission of Ohio granted Meris's motion on December 12, 2001, based on medical reports from Drs. Van Auken, Lagoutaris, and Frangopoulos. The Bureau of Workers' Compensation moved for reconsideration, claiming that Meris had not disclosed to the examining physicians (or on his application for permanent total disability compensation) that after his 1994 injury, but before his 2001 application for such compensation, he had worked intermittently for at least two years as a self-employed fish salesman.

{¶ 3} The commission granted the bureau's motion. It concluded that the nondisclosure rendered the three physicians' reports fatally defective and justi-fied its exercise of continuing jurisdiction on what it considered to be the staff hearing officer's clear mistake of fact in relying on them. Meris's application for permanent total disability compensation was eventually reheard and ultimately denied.

{¶ 4} Meris petitioned the Court of Appeals for Franklin County for a writ of mandamus. The magistrate recommended that a writ issue after determining that the staff hearing officer's reliance on the disputed reports was not a clear mistake of fact. Objections to the magistrate's report were sustained by the court of appeals, and the writ was denied.

{¶ 5} This cause is now before this court on an appeal as of right.

{¶ 6} R.C. 4123.52 gives the commission continuing jurisdiction over prior orders. It cannot, however, use this power indiscriminately. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188. We have thus far identified five situations that justify its exercise. Id. at 459, 692 N.E.2d 188. One is a clear mistake of fact. Id.; *State ex rel. Foster v. Indus. Comm.* (1999), 85 Ohio St.3d 320, 322, 707 N.E.2d 1122. Both decisions stress that the error must be clear, not speculative. Id.; *Nicholls* at 459, 692 N.E.2d 188. That standard has not been met here, rendering the exercise of continuing jurisdiction an abuse of discretion.

{¶ 7} A claimant's ability to work years before he or she moved for permanent total disability compensation is irrelevant to a claimant's ability to do sustained remunerative employment at the time of the motion. Earlier comments on res judicata in *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 201, 569 N.E.2d 496, are instructive on this point:

{¶ 8} "B.O.C. * * * assert[s] that the issue of claimant's earlier compensation for temporary total disability was an issue distinct from her current request. Its point is well-taken. As stated in 3 Larson, Workers' Compensation Law (1989) 15–426,272(99) to 15–426,272(100), Section 79.72(f):

{¶ 9} " 'It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two entirely different times * * * . A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts were altered by a change in the time frame * * * .' "

{¶ 10} Consequently, an examining doctor's lack of awareness of a job that Meris had years before he applied for permanent total disability compensation has no bearing on Meris's medical condition and capacity for work *at the time of the examination.* The lack of reference to that job in the disputed medical reports does not, therefore, render the reports fatally defective, and the initial staff hearing officer did not commit clear error in relying on them.

{¶ 11} Reliance by the commission and court of appeals on *State ex rel. Beal v. Indus. Comm.* (Dec. 12, 1996), Franklin App. No. 95APD10–1267, affirmed (1998), 83 Ohio St.3d 116, 698 N.E.2d 982, and *State ex rel. Volvo Gen. Motors Heavy Truck Corp. v. Indus. Comm.* (Aug. 17, 1993), Franklin App. No. 92AP–917, 1993 WL 318839, is misplaced. Beal's work activities were relevant because they occurred *while* claimant was receiving permanent total disability compensation. Job history was relevant in *Volvo* because, contrary to claimant's representation, his employment was terminated not because of any injury, but because he had been fired. There, the claimant sought temporary total disability compensation commencing December 8, 1989. Claimant told both the commission and an

examining physician that an injury had forced him from his job on that day. In reality, however, claimant had been fired for misconduct on that date.

{¶ 12} Common to both of those cases is the fact that the disqualifying job activity or history at issue was contemporaneous with the requested period of compensation, making it highly relevant to the disability determination. Here, the work activity at issue occurred years before Meris sought permanent total disability compensation. It is of no consequence to Meris's present abilities, or to an examiner's opinion of them.

{¶ 13} Accordingly, the reports of Drs. Van Auken, Lagoutaris, and Frango-poulos were not fatally defective, and the staff hearing officer's reliance on them was not a clear mistake of fact. Lacking that prerequisite, the commission indeed abused its discretion in exercising continuing jurisdiction and reopening Meris's case.

{¶ 14} The judgment of the court of appeals is reversed.

Judgment reversed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., concurs in judgment only.

———————

Heller, Maas, Moro & Magill Co., L.P.A., and Robert J. Foley Jr., for appellant.

Jim Petro, Attorney General, and Dennis Behm, Assistant Attorney General, for appellee.