[Cite as *State ex rel Brown v. Indus. Comm.*, 2014-Ohio-3044.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Annie L. Brown, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No.  13AP-763 |
| | : | |
| Industrial Commission of Ohio<br>and DTR Industries, Inc., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on July 10, 2014

*Larrimer & Larrimer,* and *Thomas L. Reitz,* for relator.

*Michael DeWine*, Attorney General, and *Colleen C. Erdman*, for respondent Industrial Commission of Ohio.

*Fisher & Phillips LLP,* and *Robert M. Robenalt,* for respondent DTR Industries, Inc.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

CONNOR, J.

{¶ 1} Relator, Annie L. Brown, brings this original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its orders granting continuing jurisdiction over relator's application for permanent total disability ("PTD") compensation and denying her application for PTD compensation, and to order the commission to either reinstate a staff hearing officer's ("SHO") order which granted relator's application for PTD compensation or to find that relator is entitled to an award of PTD compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who has now rendered a decision and recommendation that includes findings of fact and conclusions of law and is appended to this decision. The magistrate concluded that the commission did not abuse its discretion and recommended that this court not issue the requested writ of mandamus. Relator has filed an objection to the magistrate's decision, and the matter is now before us for our independent review.

{¶ 3} As reflected in the facts given in the magistrate's decision, relator was involved in a work-related injury in 2004. Relator's industrial claim was allowed for the following conditions: sprain lumbar region, sprain lumbrosacral, disc displacement L5-S1, pain disorder associated with both psychological factors and a general medical condition.

{¶ 4} Relator filed an application for PTD compensation on June 29, 2011. Relator supported her application with the report of Aaron J. LaTurner, Ph.D., a licensed psychologist. Following a hearing before an SHO on January 31, 2012, the SHO granted relator's application for PTD compensation. The SHO relied on a report from Nancy Renneker, M.D., to find that relator was "unable to perform sustained remunerative employment solely as a result of the medical impairment caused by the allowed physical conditions." (Stip.R. 42.) The SHO also noted that Jessica Robinson, a vocational expert, had examined relator and determined that relator was not a feasible candidate for vocational rehabilitation, and that a "similar opinion was offered by a second vocational rehabilitation specialist, John Kilcher." (Stip.R. 42.) The SHO also stated that the start date for the PTD compensation should be November 3, 2010, noting that "the July 28, 2010 report of Dr. LaTurner supports payment of Permanent Total Disability benefits prior to that date." (Stip.R. 41.)

{¶ 5} On February 20, 2012, respondent-employer filed a request for reconsideration. The employer asserted in its request for reconsideration that claimant was capable of performing sedentary work. On March 20, 2012, the commission denied the employer's request for reconsideration, but also issued an interlocutory order sua sponte ordering that the case be docketed before the commission for the commission to determine whether the SHO's order contained a clear mistake of law. The commission identified two potential mistakes of law in the SHO's order.

{¶ 6} Following a hearing before the commission on May 8, 2012, the commission issued an order stating that it was granting the employer's request for reconsideration, as the employer had "met its burden of proving that the Staff Hearing Officer order, issued 02/03/2012, contains a clear mistake of law." (Stip.R. 1.) The commission found the following two clear mistakes of law: (1) the SHO granted PTD compensation based solely on the allowed physical conditions, but cited to vocational reports, and (2) the SHO stated that the PTD compensation was based solely on the allowed physical conditions, but used Dr. LaTurner's report, which addressed only the allowed psychological condition, to support the start date for the PTD compensation. Accordingly, the commission vacated the SHO's order. The commission then reviewed the evidence in the file and, relying upon the reports of James B. Hoover, M.D., and James Hawkins, M.D., ordered that relator's application for PTD compensation be denied.

{¶ 7} The magistrate determined that the commission did not abuse its discretion when it decided to exercise its continuing jurisdiction. The magistrate also determined that the commission's order purporting to grant the employer's previously denied request for reconsideration was immaterial and would not support the grant of a writ of mandamus, and that the commission did not abuse its discretion when it denied relator's application for PTD compensation.

{¶ 8} Relator objects to the magistrate's decision, but does not put forth a concise objection for our consideration. From the arguments presented in relator's objection, however, we discern the following objections to the magistrate's decision: the magistrate erred in failing to find that res judicata barred the commission from granting the employer's previously denied request for reconsideration, the SHO's reference to the vocational reports did "nothing to invalidate the order," and the commission failed to properly address the improper start date issue that it used "as a guise to accept jurisdiction." (Relator's Objections, 4.)

{¶ 9} Pursuant to Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." A relator seeking a writ of mandamus must establish: " '(1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate

remedy in the ordinary course of the law.' " *Kinsey v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund of Ohio*, 49 Ohio St.3d 224, 225 (1990), quoting *State ex rel. Consolidated Rail Corp. v. Gorman*, 70 Ohio St.2d 274, 275 (1982). "A clear legal right exists where the [commission] abuses its discretion by entering an order which is not supported by 'some evidence.' " *Id.*

{¶ 10} This court will not determine that the commission abused its discretion when there is some evidence in the record to support the commission's finding. *State ex rel. Rouch v. Eagle Tool & Mach. Co.*, 26 Ohio St.3d 197, 198 (1986). The some evidence standard "reflects the established principle that the commission is in the best position to determine the weight and credibility of the evidence and disputed facts." *State ex rel. Woolum v. Indus. Comm.*, 10th Dist. No. 02AP-780, 2003-Ohio-3336, ¶ 4, citing *State ex rel. Pavis v. Gen. Motors Corp., B.O.C. Group*, 65 Ohio St.3d 30, 33 (1992).

{¶ 11} Relator first contends that the magistrate failed to properly evaluate whether res judicata barred the commission from granting the employer's previously denied request for reconsideration. "*Res judicata* operates 'to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' " *State ex rel. B.O.C. Group v. Indus. Comm.*, 58 Ohio St.3d 199, 200 (1991), quoting *Consumers' Counsel v. Pub. Util. Comm.*, 16 Ohio St.3d 9, 10 (1985). Res judicata applies to administrative proceedings, but "because of the commission's continuing jurisdiction under R.C. 4123.52, 'the defense of *res judicata* has only a limited application to compensation cases.' " *Id.* at 200-01, quoting *Cramer v. Indus. Comm.*, 144 Ohio St. 135, 138 (1944).

{¶ 12} The magistrate noted relator's argument that "collateral estoppel prevented the commission from granting the employer's request for reconsideration after first denying it," but determined that the commission's error in purporting to grant the previously denied request for reconsideration was harmless, as "nothing would be served by issuing a writ of mandamus and ordering the commission to issue a new order properly reflecting that it was exercising its continuing jurisdiction." (Magistrate's Decision, at ¶ 50-51.) We agree with the magistrate's resolution of this issue, and find the commission's error harmless, as the commission properly invoked its continuing jurisdiction over relator's PTD application when it identified two mistakes of law in the

SHO's order. *See State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990, ¶ 14; *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998). Moreover, we note that it is apparent from the record that the commission intended to invoke its own continuing jurisdiction over the case, and not to grant the employer's request for reconsideration. The employer did not assert in its request for reconsideration that the SHO's order contained a clear mistake of law; rather, the employer argued that, based on the record evidence, relator was not permanently and totally disabled.

{¶ 13} Thus, despite the commission's misstatement, it is apparent that the commission was not revisiting the employer's request for reconsideration, but rather was sua sponte invoking its continuing jurisdiction over the application pursuant to R.C. 4123.52. As the commission specifically identified and explained the reasons why it was exercising its continuing jurisdiction, its statement that it was granting the employer's request for reconsideration was a misstatement which amounted to harmless error and would not support mandamus relief. *See State ex rel. Little v. Indus. Comm.*, 10th Dist. No. 11AP-1110, 2013-Ohio-282, ¶ 6 (where the SHO's order first stated that relator was 57 years old, but later misstated that relator was 51 years old, this court determined that the SHO's misstatement was a typographical error and that "such an inadvertent and harmless misstatement is not grounds for mandamus relief").

{¶ 14} Relator's remaining objections assert that the commission erred in finding two clear mistakes of law in the SHO's order. Relator contends that the SHO's reference to the vocational reports did not invalidate the order. We agree with the magistrate's conclusion that the reference to the vocational reports was a clear mistake of law, as Ohio Adm.Code 4121-3-34(D)(2)(a) provides that if a SHO finds that "medical impairment resulting from the allowed condition(s) in the claim(s) prohibits * * * the injured worker from performing any sustained remunerative employment, the injured worker shall be found to be permanently and totally disabled, without reference to the vocational factors listed in paragraph (B)(3) of this rule."

{¶ 15} Relator also asserts that "if the improper start date was a Mistake of Fact or Law for accepting jurisdiction that the commission should actually address the issue that was used as a guise to accept jurisdiction." (Relator's Objections, 4.) Some evidence

upon which the commission relied to award PTD must also support the PTD start date. *State ex rel. Marlow v. Indus. Comm.*, 10th Dist. No. 05AP-970, 2007-Ohio-1464, ¶ 12. The SHO did not rely on Dr. LaTurner's report when it awarded PTD compensation, and the SHO found relator's PTD was based on the allowed physical conditions. Accordingly, it was a clear mistake of law to use Dr. LaTurner's report to support the PTD start date. The commission addressed the start date issue in its order following the May 8, 2012 hearing, noting that the SHO had granted relator's application "based solely upon physical conditions," but "the start date chosen for the commencement of those benefits was based upon the report of Aaron LaTurner, Ph.D., who examined solely on the allowed psychological condition." (Stip.R. 1.)

{¶ 16} Following independent review, pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Therefore, relator's objections to the decision of the magistrate are overruled. In accordance with the magistrate's decision, we deny the request for a writ of mandamus.

*Objections overruled;*
*writ denied.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Annie L. Brown, | : | |
| Relator, | : | |
| v. | : | No. 13AP-763 |
| Industrial Commission of Ohio and DTR Industries, Inc., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on March 27, 2014

*Larrimer & Larrimer,* and *Thomas L. Reitz,* for relator.

*Michael DeWine*, Attorney General, and *Colleen C. Erdman*, for respondent Industrial Commission of Ohio.

*Fisher & Phillips LLP,* and *Robert M. Robenalt,* for respondent DTR Industries, Inc.

### IN MANDAMUS

{¶ 17} Relator, Annie L. Brown, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its orders granting continuing jurisdiction over her permanent total disability ("PTD") application and thereafter denying her application for PTD compensation, and ordering the commission to either vacate its order exercising its continuing jurisdiction and reinstate the original order which granted relator's application

for PTD compensation or, in adjudicating the application, find that relator is entitled to an award of PTD compensation.

Findings of Fact:

{¶ 18} 1. Relator sustained a work-related injury on June 23, 2004 and her workers' compensation claim has been allowed for the following conditions:

> Sprain lumbar region; sprain lumbosacral; disc displacement L5-S1; pain disorder associated with both psychological factors and a general medical condition.

{¶ 19} 2. Relator filed her application for PTD compensation on June 29, 2011.

{¶ 20} 3. At the time she filed her application, relator was 47 years of age, indicated that she left school after the tenth grade because she was pregnant but had received her GED, had not gone to any trade or vocational school, and could read, write, and perform basic math.  Relator also indicated that she was currently receiving Social Security Disability benefits.

{¶ 21} 4. In support of her application, relator submitted the July 28, 2010 report of Aaron J. LaTurner, Ph.D., a licensed psychologist who opined that relator could not return to sustained remunerative employment, stating:

> Based on a reasonable degree of psychological certainty, it is my opinion that Ms. Brown would not be able to engage in sustained remunerative employment and is totally and permanently disabled as a result of her allowed condition of Pain Disorder associated with both psychological factors and a general medical condition (307.89). I agree with Dr. Ferrell's recommendation to continue mental health treatment. However, in my opinion, treatment should continue every 2-3 weeks to guard against any psychological decompensation for the next 6 months and then consider monthly sessions.

{¶ 22} 5. Nancy Renneker, M.D., provided an independent medical evaluation.  In her June 3, 2011 report, Dr. Renneker discussed the medical records which she reviewed, noted relator's present complaints, provided her physical findings upon examination, and concluded that relator was permanently and totally disabled, stating:

> Based on medical records reviewed, my exam of this date and in my medical opinion, I am in agreement with the 4-19-07 opinion of orthopedic surgeon, Dr. Frederick Shiple, III,

MD., that Annie L. Brown has the following permanent job restrictions related to her work injury of 6-23-04: (1) unable to return to her former position of employment as a production associate for DTR Industries, Inc. (2) permanent restrictions of no bending, stooping, lifting, twisting or climbing and no lifting of objects weighing over 5 lbs. In addition to the above restrictions, I am also in agreement with Dr. Shiple's restriction that Annie Brown must be able to change her position frequently as needed from sitting to standing posture.

In summary, Annie L. Brown is unable to perform even at a sedentary work load and it is my medical opinion that Annie Brown is permanently and totally disabled from performing sustained remunerative employment due to residual physical impairments related to her work injury of 6-23-04 (Claim no. 04-368316).

{¶ 23} 6. An independent medical examination was performed by James B. Hoover, M.D. In his September 21, 2011 report, Dr. Hoover identified the allowed conditions in relator's claim, provided a general history of her conditions, provided his physical findings upon examination, opined that relator's allowed physical conditions had reached maximum medical improvement ("MMI"), assessed a 13 percent whole person impairment, and opined that relator could perform sedentary work as follows:

She is limited to generally a sedentary level of physical activity, lifting up to 10 lbs. with occasional bending and stooping. She primarily would need a sitting job, with occasional standing. She would need to be able to change positions as needed.

{¶ 24} 7. James R. Hawkins, M.D., provided an independent psychiatric evaluation. In his October 13, 2011 report, Dr. Hawkins identified the medical records which he reviewed, noted the history of relator's psychological conditions, determined that she had a mild psychiatric impairment in her activities of daily living, socially, and with regard to adaptation to stressful situations, and a moderate psychiatric impairment with regard to concentration, pace, and persistence. He also opined that relator's allowed psychological conditions had reached MMI, assessed a 25 percent permanent impairment, and concluded that relator could perform some sustained remunerative

employment provided that she be given break rests, minimal public contact, and entry-level work.

{¶ 25} 8. The stipulation of evidence contains a vocational assessment from Jessica Robinson, M.Ed., CRC. In her June 17, 2011 report, Ms. Robinson noted that there were a number of claim and non-claim related physical and psychological conditions that would impact relator's ability to be successful in vocational rehabilitation including, chronic back pain, numbness in her right foot and toes, high blood pressure, arthritis, and depression. Ms. Robinson opined that relator's physical limitations prevented her from returning to a position with the skills and ability she had and that her psychological conditions would limit her from performing the essential functions of a more sedentary position. Further, Ms. Robinson noted that, the fact that relator was receiving Social Security Disability benefits, she had no transferrable skills, and with her physical and psychological impairments, relator would not be able to maintain sustained remunerative employment.

{¶ 26} 9. John P. Kilcher, CCR, CCM, CDMS, NCC, also submitted a vocational assessment. In his December 2, 2011 report, Mr. Kilcher opined that relator had few, if any, transferrable skills and that they were negated by her physical restrictions. Ultimately, he concluded that relator would not be able to return to sustained remunerative employment and that she was not an appropriate candidate for a rehabilitation program with a return-to-work goal.

{¶ 27} 10. Relator's application was heard before a Staff Hearing Officer ("SHO") on January 31, 2012 (mailed February 3, 2012). The SHO determined that, based upon the June 3, 2011 report of Dr. Renneker, which was supported by the April 19, 2007 report of Dr. Shiple, relator was incapable of returning to sustained remunerative employment

due exclusively to the allowed physical conditions in her claim. As such, the SHO noted

that it was unnecessary to discuss or analyze relator's non-medical disability factors. The

SHO determined the start date for relator's PTD award as follows:

> Permanent and total disability compensation is awarded from November 3, 2010 for the reason this was the last date Ms. Brown received Temporary Total Disability and the July 28, 2010 report of Dr. LaTurner supports payment of Permanent Total Disability benefits prior to that date.

{¶ 28} Thereafter, despite finding that the allowed physical conditions rendered

relator permanently and totally disabled, the SHO discussed the non-medical disability

factors, stating:

> On June 17, 2011, Ms. Brown was evaluated by a vocational expert, Jessica Robinson, M.Ed., CRC. Ms. Robinson opined that Ms. Brown is not a feasible vocational rehabilitation candidate such that she could participate in any return to work activities. A similar opinion was offered by a second vocational rehabilitation specialist, John Kilcher, M.A., CRC, CDMS, CCM, NCC. Mr. Kilcher opined that Ms. Brown was not a candidate for vocational retraining such that she could perform any job duties and become involved in gainful remunerative employment.
>
> This Staff Hearing Officer finds the report of Dr. Renneker to be persuasive that residual restrictions related to allowed physical conditions within this claim limit Ms. Brown to less than sedentary work. This opinion is buttressed by the Bureau examination and report of Dr. Shiple from April of 2007.
>
> This Staff Hearing Officer finds the October 18, 2011 [sic] report of James Hawkins, M.D. and September 21, 2011 report of James Hoover, M.D. to be persuasive that Ms. Brown is at maximum medical improvement for all allowed physical and psychological conditions.
>
> This Staff Hearing Officer also finds the report of Dr. Hawkins to be persuasive that the allowed psychological condition within this claim does offer residual restrictions requiring Ms. Brown to have frequent rest breaks, minimal public contact and limits her to entry-level work.

Based upon the report of Dr. Renneker of June 03, 2011, it is found that the Injured Worker is unable to perform sustained remunerative employment solely as a result of the medical impairment caused by the allowed physical conditions. Therefore, pursuant to State ex rel. Speelman v. Indus. Comm., (1992), 73 Ohio App.3d 757, it is unnecessary to discuss or analyze Ms. Brown's non-medical disability factors.

{¶ 29} 11. On February 20, 2012, respondent DTR Industries, Inc. ("employer") filed a request for reconsideration which was denied by order of the commission mailed March 20, 2012.

{¶ 30} 12. Thereafter, in an interlocutory order also mailed March 20, 2012, the commission sua sponte referred the matter for a hearing, stating:

[One] Continuing Jurisdiction Pursuant to R.C. 4123.52, and

[Two] Permanent Total Disability

It is the finding of the Commission that the evidence on file is of sufficient probative value to warrant adjudication of a probable clear mistake of fact, and a probable clear mistake of law of such character that remedial action would clearly follow, in the Staff Hearing Officer order, issued 02/03/2012.

Specifically, it is arguable that in the Staff Hearing Officer order, issued on 02/03/2012, the Staff Hearing Officer made a clear mistake of fact and law by citing to vocational reports, yet, granting permanent total disability based solely upon the medical conditions, and by indicating he was not addressing or considering the non-medical disability factors. In addition, it is arguable that the Staff Hearing Officer made a clear mistake of law by granting permanent total disability based solely upon the physical conditions, but then establishing the start date for the payment of permanent total disability compensation based on the report of Aaron LaTurner, Ph.D., who examined solely on the allowed psychological conditions.

Based on these findings, the Commission directs that the claim be set for hearing to determine whether the probable mistake of fact and probable mistake of law, as noted herein,

are sufficient for the Commission to invoke its continuing jurisdiction.

In the interest of administrative economy and for the convenience of the parties, after the hearing on the question of continuing jurisdiction, the Commission will take the matter under advisement and proceed to hear the merits of the underlying issues. The Commission will thereafter issue an order on the matter of continuing jurisdiction pursuant to R.C. 4123.52. If authority to invoke continuing jurisdiction is found, the Commission will address the merits of the underlying issues.

This order is issued pursuant to State ex rel. Nicholls v. Indus. Comm., 81 Ohio St.3d 454, 692 N.E.2d 188 (1998); State ex rel. Foster v. Indus. Comm., 85 Ohio St.3d 320, 707 N.E.2d 1122 (1999), [and] State ex rel. Gobich v. Indus. Comm., 103 Ohio St.3d 585, 817 N.E.2d 398 (2004).

{¶ 31} 13. Thereafter, a hearing was held before the commission on May 8, 2012. Relator and counsel were present at the hearing. The commission first determined that it did have continuing jurisdiction, stating:

05/08/2012 - After further review and discussion, it is the finding of the Industrial Commission that the Employer has met its burden of proving that the Staff Hearing Officer order, issued 02/03/2012, contains a clear mistake of law of such character that remedial action would clearly follow.

Specifically, in the order issued 02/03/2012, the Staff Hearing Officer cited to vocational reports yet granted permanent and total disability compensation based solely upon the medical conditions and specifically indicated he was not addressing or considering the non-medical disability factors. The Staff Hearing Officer also indicated that permanent and total disability compensation was based solely upon physical conditions; however, , . [sic.] However, the start date chosen for the commencement of those benefits was based upon the report of Aaron LaTurner, Ph.D., who examined solely on the allowed psychological condition.

Therefore, the Commission exercises continuing jurisdiction pursuant to R.C. 4123.52 and State ex rel. Nicholls v. Indus. Comm., 81 Ohio St.3d 454, 692 N.E.2d 188 (1998), State ex

rel. Foster v. Indus. Comm., 85 Ohio St.3d 320, 707 N.E.2d 1122 (1999), and State ex rel. Gobich v. Indus. Comm., 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398 in order to correct this error.

The Employer's request for reconsideration, filed 02/20/2012, is granted. It is further ordered that the Staff Hearing Officer order, issued 02/03/2012, is vacated.

{¶ 32} Thereafter, the commission relied on the medical reports of Drs. Hoover and Hawkins to find that relator was capable of performing some sedentary employment within the restrictions outlined by Dr. Hawkins. Thereafter, the commission analyzed the non-medical disability factors, stating:

From a vocational perspective, the Commission finds the Injured Worker's present level of education to be a distinct asset to reemployment. The Injured Worker failed to finish high school for non-academic reasons. However, file evidence indicates she had average grades and she was subsequently able to obtain her GED. She also indicates on her IC-2 application that she can read, write and do basic math. The Commission finds this level of education to be more than adequate for entry level positions the Injured Worker is otherwise physically and psychologically capable of performing.

The Injured Worker's age is also viewed as an asset to reemployment. When considering the traditional retirement age of 65, the Injured Worker has 17 years of remaining work life. Also, at her present age, the Injured Worker still has the opportunity to either directly reenter the workforce or seek employment enhancing assistance (e.g., retraining, rehabilitation or remediation) if she is so inclined.

The Injured Worker's work history is also found to be an asset to reemployment. The Injured Worker's IC-2 application indicates she used a computer in at least one of her previous positions and she was also required to keep records. The Commission finds such skills and abilities are readily transferrable to new positions of employment. Furthermore, many of the skills involved with the Injured Worker's duties as an inspector (inspecting and testing, lab work) would also be transferrable.

Additionally, the Injured Worker ostensibly learned the duties of her previous jobs through on-the-job training. This demonstrated * * * the ability to acquire new job skills.

When considering the analysis noted above, the Commission finds the Injured Worker's overall vocational factors to be positive and together with her retained physical and psychiatric abilities, the Commission concludes the Injured Worker is not permanently and totally disabled. Therefore, the IC-2 application filed 06/29/2011 is denied.

{¶ 33} 14. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 34} Relator argues that the commission abused its discretion both in exercising continuing jurisdiction and in thereafter denying her application for PTD compensation. Relator contends it was an abuse of discretion for the commission to accept continuing jurisdiction noting an improper start date for benefits and the SHO's reference to vocational reports, and then reverse the SHO order based on other reasons. Relator also notes that the commission's order indicates that it denied the employer's request for reconsideration on March 12, 2012, and then later granted the employer's request for reconsideration on May 8, 2012. Relator asserts that this violates collateral estoppel. Further, relator contends that the commission abused its discretion by concluding that she had acquired vocational skills, which would enable her to perform some sustained remunerative employment at a sedentary level.

{¶ 35} For the reasons that follow, the magistrate finds that the commission did not abuse its discretion when it exercised its continuing jurisdiction, the fact that the commission's order notes that it is granting the employer's motion for reconsideration is immaterial and does not constitute grounds to grant a writ of mandamus and the commission did not abuse its discretion when it denied relator's application for PTD compensation.

{¶ 36} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act

requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 37} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 38} Relator first argues that the commission abused its discretion when it exercised its continuing jurisdiction.

{¶ 39} Pursuant to R.C. 4123.52, "The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541-42 (1992), the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:

> R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, *e.g., State ex rel. Gatlin v. Yellow Freight System, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487 (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); *State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383 (just cause for modification of a prior order includes new and changed conditions); *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16

O.O.3d 174, 404 N.E.2d 149 (continuing jurisdiction exists when prior order is clearly a mistake of fact); *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345 (commission has continuing jurisdiction in cases involving fraud); *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379 (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 86, 556 N.E.2d 168, 170 (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law.

{¶ 40} In its order, the commission must identify and explain the pre-condition to the exercise of its continuing jurisdiction. *State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990. The commission must both identify the pre-condition and provide an explanation if the commission exercises its continuing jurisdiction. *Id.* at ¶ 18.

{¶ 41} In the present case, the commission did identify the mistakes of fact and law. Specifically, the commission noted that the SHO order granting relator PTD compensation was based solely upon the allowed physical conditions in her claim; however, the commission noted that the SHO went ahead and discussed the non-medical disability factors. Further, the commission identified a clear mistake of law noting that the SHO had granted relator PTD compensation based solely upon the allowed physical conditions in her claim and yet used an earlier report from Dr. LaTurner who indicated that relator's allowed psychological conditions rendered her permanently and totally disabled.

{¶ 42} Relator acknowledges that the commission did identify the prerequisites and did provide an explanation. However, relator contends that these two reasons were not legitimate. First, relator contends that the SHO's reference to vocational evidence was harmless error which fails to rise to a clear mistake of law or fact. Further, relator contends that, because the commission identified, as a prerequisite, the fact that the SHO used the earlier report of Dr. LaTurner, which was based on relator's allowed

psychological conditions, the commission was thereafter required to discuss the start date for PTD compensation in its later order.

{¶ 43} For the reasons that follow, the magistrate finds that relator's arguments are not well-taken.

{¶ 44} First, concerning the SHO's discussion of relator's non-medical vocational factors, the magistrate points out that Ohio Adm.Code 4121-3-34(D)(2)(a) specifically provides:

> If, after hearing, the adjudicator finds that the medical impairment resulting from the allowed condition(s) in the claim(s) prohibits the injured worker's return to the former position of employment as well as prohibits the injured worker from performing any sustained remunerative employment, the injured worker shall be found to be permanently and totally disabled, without reference to the vocational factors listed in paragraph (B)(3) of this rule.

{¶ 45} The Ohio Administrative Code specifically provides that, because the SHO found that the medical impairment resulting from relator's allowed conditions prohibited her from returning to her former position of employment as well as other sustained remunerative employment, the SHO was not to reference the vocational factors. Here, the SHO did. This constituted a clear mistake of law and was a proper basis upon which the commission could rely in exercising its continuing jurisdiction. This, in and of itself, constituted a valid basis upon which the commission exercised its continuing jurisdiction.

{¶ 46} Relator also asserts that, because the commission cited as a prerequisite the fact that the SHO used a psychological report written approximately one year before the reports upon which the SHO relied to find that relator was permanently and totally disabled, the commission was thereafter required to address that issue in its order. Relator does not cite any case law for this assertion and the magistrate specifically notes that none exists. However, the start date for compensation must be supported by medical evidence. Because the SHO had granted relator PTD compensation based solely on the allowed physical conditions, the SHO was required to use the date of a report upon which the commission relied. *See,* for example, *State ex rel. Songer v. Access Nursing Care, Inc.,* 10th Dist. No. 11AP-599, 2012-Ohio-4370. Because the commission

ultimately denied her request for PTD compensation, there was no reason for the commission to discuss the start date any further.

{¶ 47} As R.C. 4123.52 provides, the commission is authorized to exercise its continuing jurisdiction and to make such modification or change with respect to former findings or orders as in its opinion is justified.  Furthermore, when the commission exercises its continuing jurisdiction and vacates a prior order, as the commission did here, the adjudication of the matter is de novo and the commission has jurisdiction to consider and address any issue related to relator's PTD application.  In *State ex rel. Hayes v. Indus. Comm.,* 10th Dist. No. 01AP-1087, 2002-Ohio-3675, the claimant argued that the commission exceeded its authority to adjudicate a new application for PTD compensation after the commission vacated the prior SHO order which had awarded his PTD compensation.  In adopting the decision of its magistrate, this court stated:

> [O]nce the commission's continuing jurisdiction is invoked in an order articulated with specific reasons therefore, the commission is vested with the authority to address any issues pertaining to the order in question. That would include the authority of the commission to vacate the underlying order as occurred in *State ex rel. Riter v. Indus. Comm.,* (2001), 91 Ohio St.3d 89, 742 N.E.2d 615.

*Id.*

{¶ 48} Here, the commission vacated the prior SHO order and addressed the merits of relator's application for PTD compensation.  This action was consistent with the law and did not constitute an abuse of discretion.

{¶ 49} Relator next argues that the commission first denied the employer's request for reconsideration and then, in its order exercising its continuing jurisdiction, the commission explicitly granted the employer's request for reconsideration.

{¶ 50} Relator is correct when she asserts that, in the interlocutory order mailed March 20, 2012, the commission initially denied relator's request for reconsideration and then determined, sua sponte, that it should consider exercising continuing jurisdiction over the matter due to the aforementioned two mistakes of fact and law. Then, following the hearing on May 8, 2012, the commission noted that it was granting

the employer's request for reconsideration. Relator contends that collateral estoppel prevented the commission from granting the employer's request for reconsideration after first denying it.

{¶ 51} In response to relator's argument, the attorney general asserts that it is obvious that the commission was exercising its continuing jurisdiction over relator's PTD application and that, to the extent that the commission indicated that it was granting the employer's reconsideration when the commission should have stated that it was sua sponte exercising its continuing jurisdiction for reasons other than those raised by the employer, the magistrate finds that any such error is harmless. Inasmuch as the commission specifically identified and explained the reasons why it was exercising its continuing jurisdiction, the magistrate finds that nothing would be served by issuing a writ of mandamus and ordering the commission to issue a new order properly reflecting that it was exercising its continuing jurisdiction.

{¶ 52} Relator's final argument is that the commission abused its discretion by finding that she had acquired vocational skills. Specifically, relator asserts that her use of a computer 15 years before her application was filed and noting whether or not a bottle was secured does not constitute some evidence of a vocational skill.

{¶ 53} The magistrate notes that the actual statements made by the commission concerning vocational skills are:

> She has a relevant work history comprised of skilled, semi-skilled and unskilled positions in a factory setting, which includes, assembler, process inspector, and production worker.
>
> * * *
>
> The Injured Worker's work history is also found to be an asset to reemployment. The Injured Worker's IC-2 application indicates she used a computer in at least one of her previous positions and she was also required to keep records. The Commission finds such skills and abilities are readily transferrable to new positions of employment. Furthermore, many of the skills involved with the Injured Worker's duties as an inspector (inspecting and testing, lab work) would also be transferrable.

> Additionally, the Injured Worker ostensibly learned the duties of her previous jobs through on-the-job training. This demonstrated * * * the ability to acquire new job skills.

{¶ 54} It is undisputed that the commission is the vocational expert and does not need vocational reports in order to make its assessments. Relator does not contest the commission's finding that her age was a positive vocational factor nor does she contest the finding that her education was a positive factor. The only criticism relator makes is that the commission found that her prior work provided her with some skills which would be transferrable to sedentary employment.

{¶ 55} On her application, relator indicated that she had used a computer, worked in a lab, and had kept records. This evidence is in the record and it cannot be said to be an abuse of discretion for the commission to rely on that evidence to find that relator would have some skills which are transferrable to sedentary employment. The magistrate also notes that the commission noted that relator had learned the duties of her previous job through on-the-job training and that this demonstrated the ability to acquire new job skills. The magistrate cannot say that the commission abused its discretion in finding that the vocational factors were positive and would enable relator to secure other sustained remunerative employment.

{¶ 56} Based on the forgoing, it is this magistrate's decision that relator has not demonstrated the commission abused its discretion when it exercised continuing jurisdiction and, thereafter, denied her application for PTD compensation, and this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA BROOKS

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).