[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 427.]

THE STATE EX REL. KIRBY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO
ET AL., APPELLEES.

[Cite as *State ex rel. Kirby v. Indus. Comm*., 2002-Ohio-6668.]

*Workers' compensation—Permanent total disability compensation benefits*
*awarded claimant—Termination of benefits—Writ of mandamus sought*
*by claimant denied by court of appeals—Industrial Commission's*
*determination that claimant committed fraud after discovery of his*
*performance of sustained remunerative employment while receiving*
*disability benefits affirmed.*

(No. 2002-0517—Submitted November 13, 2002—Decided December 13, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-596.

_____

**Per Curiam.**

{¶1} Appellant-claimant, Charles M. Kirby, was awarded permanent total disability compensation ("PTD") in 1982 for an injury sustained with appellee Theodore Bogner & Sons, Inc. In 1999, the Bureau of Workers' Compensation received an anonymous tip that claimant was working.

{¶2} Surveillance through the summer of that year and into 2000 revealed that claimant was at least periodically doing paid home improvement and maintenance work for others. Claimant was witnessed at numerous locations (1) using power saws, (2) doing exterior painting and preparation, including ladder work, (3) carrying large pieces of wood, (4) carrying extension ladders, and (5) carrying other tools and equipment.

{¶3} Interviews with customers revealed that claimant had done other jobs, such as (1) concrete repair, (2) complete bathroom remodeling, (3) hot water heater installation, (4) plumbing, (5) carpentry, and (6) electrical work. Don Cornell of

Cornell Realty stated that he had used claimant regularly for odd jobs at his company's properties for several years. Many of the jobs he reported mirrored those just listed. He also reported (1) tub and surround installation, (2) bathroom repair, (3) ceiling maintenance, (4) porch and step repair, (5) faucet installation, (6) installation of roof vents, and (7) the installation of a bathroom floor. The amount of payment was also listed per job.

{¶4} Customer comments revealed a prompt and diligent worker who obtained repeat business. Business apparently came by referrals, and for one customer, from claimant's reputation in the community as a handyman.

{¶5} Claimant was approached by a bureau investigator on November 7, 2000. Claimant initially denied doing any work. When confronted with the evidence against him, however, claimant admitted to doing what he characterized as "odd jobs" for local customers. Claimant stated that he charged $10 per hour and that he preferred to accept cash from customers rather than checks in order to avoid "a paper trail." Claimant confessed that he "kind of thought it [working] was wrong."

{¶6} The matter of overpayment came before appellee Industrial Commission of Ohio in April 2001. Additionally, letters were submitted from the bureau to the claimant dated 1997, 1998, 1999, and 2000, signed and returned by the claimant, in which he maintained that he had done no work in the prior year.

{¶7} The commission terminated claimant's PTD benefits and declared all benefits paid after December 23, 1991, to be overpaid. It found that claimant was capable of performing, and had performed, sustained remunerative employment, despite lack of evidence of full-time employment. The commission also concluded that claimant had committed fraud. Reconsideration was denied.

{¶8} Claimant turned to the Court of Appeals for Franklin County, where his request for a writ of mandamus was denied. Claimant now appeals to this court as of right.

**{¶9}** Claimant decries the determination that he (1) engaged in sustained remunerative work and (2) committed fraud. Both challenges fail.

**{¶10}** Claimant's contention that his employment was not sustained because it was not regular, daily employment has already been rejected in *State ex rel. Schultz v. Indus. Comm.*, 96 Ohio St.3d 27, 2002-Ohio-3316, 770 N.E.2d 576, another fraudulent PTD case. *Schultz* held that evidence of even irregular employment can support the presumption that claimant is indeed either doing—or is capable of doing—sustained remunerative employment. Work is "sustained" if it consists of an ongoing pattern of activity. Id. at ¶ 63.

**{¶11}** Equally hollow is claimant's assertion that his employment was not remunerative because he was low-paid. First, claimant charged $10 per hour, which surpasses the minimum wage. Second, even if claimant charged no money at all, his ability to do these jobs contradicts his assertion that he is medically and vocationally unable to do any work. *Schultz,* supra.

**{¶12}** Claimant also argues that the doctrine of "odd-lot" employment preserves his PTD eligibility despite evidence of concurrent wages. This, too, fails. First, the odd-lot doctrine has never been accepted in Ohio. See *State ex rel. Durant v. Superior's Brand Meats, Inc*. (1994), 69 Ohio St.3d 284, 293, 631 N.E.2d 627. Second, claimant's employment history since 1991 is far too extensive for any application of the odd-lot principle. The odd-lot exemption implies absolutely minimal work on an extremely irregular and unpredictable basis. Id. at 293-294, 631 N.E.2d 627. Our claimant worked, *at a minimum,* part-time for eight years until he was discovered.

**{¶13}** Finally, claimant proposes that a declaration of fraud is inappropriate, as he never intended to deceive the commission. This, of course, is refuted by claimant's false statements to bureau examiners via letter and verbally to the fraud investigators that he had engaged in no employment while drawing PTD. It is also

belied by his eventual admission to investigators that he asked to be paid in cash to avoid detection because he knew what he was doing was wrong.

**{¶14}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Sheerer, Pitts, Zerebniak & Stocker Co., L.P.A., and Thomas Pitts, for appellant.

Betty D. Montgomery, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.

Susan E. Baker, for appellee Theodore Bogner & Sons, Inc.

————————————