THE STATE EX REL. LYNCH, APPELLANT, *v.* INDUSTRIAL

COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Lynch v. Indus. Comm.,*

**116 Ohio St.3d 342, 2007-Ohio-6668.]**

*Exchanging labor for pay on a sustained basis constitutes sustained remunerative employment sufficient to terminate permanent total disability compensation, even when the labor is the illegal selling of drugs.*

(No. 2007-0423 — Submitted October 9, 2007 — Decided December 19, 2007.)

APPEAL from the Court of Appeals for Franklin County,

No. 05AP-1233, 2007-Ohio-292.

_____

**Per Curiam**.

{¶ 1}   In this direct appeal, we review appellee Industrial Commission of Ohio's determination that appellant Henry Lynch's ongoing crack-cocaine enterprise constituted sustained remunerative employment sufficient to terminate permanent total disability compensation.  Lynch was injured in an industrial accident in 1967 and was subsequently awarded permanent total disability compensation.  In 1997, Lynch was indicted by a federal grand jury on multiple charges relating to the possession, sale, and distribution of crack cocaine.  The criminal complaint and supporting affidavit alleged that from approximately January 1, 1994, through July 17, 1997, Lynch was selling crack from his home.  Lynch also supplied others with crack for resale.  Lynch's income from the enterprise was estimated at $300 to $500 a week.

{¶ 2}   Lynch pleaded guilty in federal court to conspiracy to possess cocaine with intent to distribute.  See *United States v. Lynch* (C.A.6, 1999), 181 F.3d 105 (Table), 1999 WL 282692.  Lynch was then incarcerated, and the

Bureau of Workers' Compensation moved to terminate Lynch's permanent total disability compensation and to have all the compensation paid to Lynch on or after January 31, 1994, declared an overpayment. A notice of the hearing on that motion was sent to Lynch's home.

{¶ 3} On March 10, 1998, the commission held the hearing, and on March 19, 1998, it found that Lynch's "criminal activities for profit * * * constitute[d] sustained remunerative employment." Permanent total disability compensation was terminated retroactive to January 31, 1994. That order became final.

{¶ 4} In June 2004, Lynch filed a motion with the commission alleging that he had not received notice of the March 10, 1998 disability-termination hearing or the actual termination order. He asked the commission to either reopen the issue by exercising its R.C. 4123.52 continuing jurisdiction or permit him to file a belated motion for reconsideration pursuant to R.C. 4123.522. The commission granted the latter.

{¶ 5} Lynch then filed his belated motion for reconsideration of the March 19, 1998 order, alleging that the commission had committed a clear mistake of law in terminating his compensation. The commission found that a clear error of law had not occurred, and hence it had no continuing jurisdiction to reopen the March 19, 1998 order and reexamine the merits of Lynch's entitlement to permanent total disability.

{¶ 6} Lynch turned to the Court of Appeals for Franklin County. That court denied the requested writ of mandamus, prompting Lynch's appeal to this court as of right.

{¶ 7} Lynch first argues that the March 19, 1998 order terminating his permanent total disability did not satisfy the procedural requirements of *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188, *State ex rel. Foster v. Indus. Comm.* (1999), 85 Ohio St.3d 320, 707 N.E.2d 1122, and

2

*State ex rel. Gobich v. Indus. Comm.,* 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398. These cases held that commission orders must indicate which of five identified prerequisites[1] is the basis for the exercise of continuing jurisdiction. Lynch's position, however, overlooks a critical point —- these three cases were decided after the termination order in his case. Lynch's proposition accordingly lacks merit.

{¶ 8} Lynch also claims that the commission cannot consider the activity he engaged in to be sustained remunerative employment, because the activity was illegal. We disagree. Lynch cannot use the illegality of his pursuits as a shield. Lynch exchanged labor for pay on a sustained basis. This constitutes sustained remunerative employment for purposes of permanent total disability. *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086, 817 N.E.2d 880, ¶ 19.

{¶ 9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Ward, Kaps, Bainbridge, Maurer & Melvin, L.L.C., and Paul F. Ward, for appellant.

Marc Dann, Attorney General, and Douglas R. Unver, Assistant Attorney General, for appellee.

_____

---

1. The five prerequisites are fraud, new and changed circumstances, clear mistake of fact, clear mistake of law, and error by an inferior tribunal. See *Nicholls* at 458-459, 692 N.E.2d 188.