THE STATE EX REL. MCNEA, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL., APPELLEES.
[Cite as *State ex rel. McNea v. Indus. Comm.,*
131 Ohio St.3d 408, 2012-Ohio-1296.]

*Workers' compensation—Meaning of "sustained remunerative employment"—*
*Illegal activity can be sustained remunerative employment inconsistent*
*with alleged disability—Judgment affirmed.*

(No. 2010-1770—Submitted February 7, 2012—Decided March 29, 2012.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-605,
2010-Ohio-4186.

_____

**Per Curiam**.

{¶ 1} Appellee Industrial Commission of Ohio terminated appellant Donald F. McNea Jr.'s permanent total disability ("PTD") compensation after finding that he had engaged in sustained remunerative employment while receiving those benefits. McNea does not contest the termination of compensation after September 5, 2007. He does, however, object to the commission's finding that he was performing, or capable of performing, sustained remunerative work from October 1, 2005, through September 5, 2007—a determination that generated a declaration of overpayment for compensation paid during that period.

{¶ 2} McNea was a police officer for appellee city of Parma and was awarded PTD compensation in 2004 for injuries that he claimed to have sustained in that capacity. When PTD was granted, however, none of the parties knew that McNea was being secretly investigated by his own department for the suspected illegal sale of Schedule II and III narcotics.

**{¶ 3}** According to Parma police records, the department had received a tip in 2003 that McNea was selling prescription medications. An investigation began, and over the next two years, numerous conversations occurred between McNea and confidential informants in which McNea indicated that he could obtain OxyContin or similar drugs for them. Between October 1, 2005, and December 23, 2005, McNea made four recorded sales to informants, netting $6,200.

**{¶ 4}** McNea was arrested on December 23, 2005, and was later indicted on 20 counts of criminal activity. McNea pled guilty to four felony charges and on September 4, 2007, was sentenced to three years in prison.

**{¶ 5}** On November 5, 2007, the Bureau of Workers' Compensation moved the commission to both terminate further PTD compensation and declare past PTD compensation overpaid as of August 25, 2004, when the payments began. A commission staff hearing officer ("SHO") terminated benefits pursuant to R.C. 4123.54(J) as of September 5, 2007, the date of McNea's incarceration. The SHO declined, however, to declare any earlier benefits to be overpayments because there was "no proof that the injured worker was involved in sustained remunerative employment *at the time of the permanent and total disability hearing.*" (Emphasis added.)

**{¶ 6}** The bureau urged the commission to grant reconsideration, claiming that the SHO had made clear mistakes of law and fact in finding no evidence of sustained remunerative employment during the time McNea was receiving PTD compensation. The bureau relied heavily on *State ex rel. Lynch v. Indus. Comm.*, 116 Ohio St.3d 342, 2007-Ohio-6668, 879 N.E.2d 193, ¶ 8, which declared that the illicit sale of drugs could constitute sustained remunerative employment sufficient to terminate PTD.

**{¶ 7}** The commission agreed with the bureau and granted reconsideration. It ultimately declared that all compensation paid after McNea's first confirmed drug sale on October 1, 2005, constituted an overpayment:

> [T]he Injured Worker's activity of selling the prescription narcotic medication OxyContin over a period of months does constitute sustained remunerative employment, sufficient to require a termination of his permanent total disability benefits. The Commission relies on the fact that the amount of money involved in the four sales to undercover agents over a two month period in late 2005 would equate to an annual figure of $24,000, which clearly would amount to sustained remunerative employment. The Commission also agrees with the [bureau] Administrator that, had the Injured Worker not been arrested as of 12/23/2005, he most likely would have continued the activity for quite a while. The Commission relies on the holding in *Lynch*, that such activity can amount to sustained remunerative employment, even though it is illegal. The Commission further finds that the appropriate date of termination of the Injured Worker's permanent total disability benefits is 10/01/05, as this was the first documented date of such activity to which the Injured Worker pled guilty.

**{¶ 8}** McNea filed a complaint in mandamus in the Court of Appeals for Franklin County. The court found that no abuse of discretion had occurred and denied the writ, prompting McNea's appeal to this court as of right. *State ex rel. McNea v. Indus. Comm.*, 10th Dist. No. 09AP-605, 2010-Ohio-4186, 2010 WL 3480705.

**{¶ 9}** R.C. 4123.54(J) specifically prohibits the payment of compensation to an incarcerated claimant, so McNea does not contest the cessation of benefits during his period of confinement. He does, however, object to the declaration of overpayment for compensation paid earlier, arguing that (1) the commission erred in reconsidering the SHO's order, (2) there is no evidence that he engaged in sustained remunerative employment between October 5, 2005, and September 5, 2007, and (3) the commission violated his due process rights by terminating PTD while he was still in prison. For the reasons to follow, none of these arguments have merit.

**{¶ 10}** R.C. 4123.52 gives the commission continuing jurisdiction to reopen a matter previously decided. This authority can be properly invoked when the order contains a clear mistake of law or fact for which reconsideration is being sought. *State ex rel. Gobich v. Indus. Comm.,* 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398, ¶ 14. In the case at bar, the SHO based his decision on a lack of evidence that McNea was working *at the time of the PTD hearing*. This reasoning is too narrow and constitutes a clear mistake of law. The correct focus is not on whether McNea was performing sustained remunerative employment on the date of the PTD hearing. The question is whether *at any time during the receipt of PTD compensation*, McNea was (1) doing sustained remunerative work, (2) medically capable of sustained remunerative employment, or (3) engaged in activities medically inconsistent with the alleged disability. *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086, 817 N.E.2d 880, ¶ 16.

**{¶ 11}** The commission, in granting reconsideration, relied on *Lynch*'s declaration that remunerative employment encompasses any remunerative activity, legal or otherwise. *Lynch*, 116 Ohio St.3d 342, 2007-Ohio-6668, 879 N.E.2d 193, ¶ 8. The commission thus found that the SHO had committed a clear mistake of law and fact in failing to take McNea's illegal sales activity into account. This finding is not an abuse of discretion and is accordingly upheld.

**{¶ 12}** McNea next challenges the commission's determination that he was performing, or capable of performing, sustained remunerative employment over the period in question. A claimant who engages in, or is medically capable of, sustained remunerative employment cannot receive PTD. *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167, 170, 509 N.E.2d 946 (1987). Sustained remunerative employment can encompass both legal and illegal activities. *Lynch* at ¶ 8. McNea's activities were clearly remunerative. The question before us is whether the commission abused its discretion in characterizing McNea's remunerative employment as sustained.

**{¶ 13}** "Sustained" has not been defined for workers' compensation purposes. We have, however, stated that remunerative activity does not have to occur on a regular or daily basis to be considered sustained. *State ex rel. Kirby v. Indus. Comm.*, 97 Ohio St.3d 427, 2002-Ohio-6668, 780 N.E.2d 275, ¶ 10. Any "ongoing pattern" of activity can be categorized as sustained activity. *State ex rel. Schultz v. Indus. Comm.*, 96 Ohio St.3d. 27, 2002-Ohio-3316, 770 N.E.2d 576, ¶ 63.

**{¶ 14}** In this case, the evidence established an ongoing pattern of phone calls and other sales-related activity that culminated in the four recorded sales that McNea made between October and December 2005. The commission characterized this sales activity as sustained remunerative employment, and we decline to disturb that finding.

**{¶ 15}** The commission also extrapolated from its finding that McNea continued to possess the medical ability to engage in such activity even after his arrest. This conclusion is also sustained. *Lawson* stated that nothing demonstrates a capacity for sustained remunerative work better than the actual performance of it. *Id.*, 104 Ohio St.3d 39, 2004-Ohio-6086, 817 N.E.2d 880, at ¶ 17. McNea was performing sustained remunerative work through late December 2005, and there is no evidence that his medical condition changed afterwards so as to preclude

that endeavor. The commission also found no evidence suggesting that McNea would have abandoned his long-running enterprise had he not been arrested. Given the commission's "substantial leeway in both interpreting and drawing inferences from the evidence before it," the commission did not abuse its discretion in concluding that McNea remained medically capable of sustained remunerative work after his arrest and was not entitled to PTD compensation thereafter. *Id.* at ¶ 34.

{¶ 16} Finally, McNea had unsuccessfully petitioned the commission to postpone the PTD termination hearing until after his release from prison. He now claims, in a perfunctory fashion, that this denial offended his due process rights because his presence at hearing was "of the utmost importance." We reject this argument.

{¶ 17} McNea's attendance at the hearing was not necessary to preserve his rights. McNea was competently represented there by counsel, who could have presented by video or affidavit any statement McNea wished to make. McNea never explains what allegedly indispensable evidence he would have offered had he been present, and he ignores that the focus of the hearing was not on factual issues but on legal ones: continuing jurisdiction and the characterization of his activities as sustained. McNea's absence did not compromise this discussion or his rights.

{¶ 18} The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, CUPP, and McGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Paul M. Friedman and Michael P. O'Malley, for appellant.

Michael DeWine, Attorney General, and Derrick L. Knapp, Assistant Attorney General, for appellee Industrial Commission.

Bashein & Bashein Co., L.P.A., and W. Craig Bashein; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee city of Parma.

_____