[Cite as *State ex rel. Healthcare Servs. Group, Inc. v. Indus. Comm.*, 2021-Ohio-2477.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel.<br>Healthcare Services Group, Inc., | : | |
| | : | |
| Relator, | : | |
| v. | : | No. 19AP-398 |
| | : | |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on July 20, 2021

**On brief:** *Morrow & Meyer, LLC*, and *Corey L. Crognale*, for relator.

**On brief:** *Dave Yost*, Attorney General, *Anna Isupova*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

MENTEL, J.

{¶ 1} Relator, Healthcare Services Group, Inc., brought this original action seeking a writ of mandamus ordering respondent, the Industrial Commission of Ohio, to vacate its order granting permanent total disability compensation to its employee, respondent James H. Carroll, arising from a lower back injury incurred on December 14, 2011.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate issued a decision on January 4, 2021, including findings of fact and conclusions of law, appended hereto. The magistrate recommends that we deny the request for a writ of mandamus. *See* App'x at ¶ 21. The magistrate also provided notice to the relator of the opportunity under Civ.R. 53(D)(3) to object to the findings of fact and conclusions of law in the decision. *Id.*

{¶ 3}    Relator filed no objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections were filed). Accordingly, we adopt the decision of the magistrate, including the findings of fact and conclusions of law therein and deny the request for a writ of mandamus.

*Writ of mandamus denied.*

DORRIAN, P.J., and BROWN, J., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel.                                        :
Healthcare Services Group, Inc.,

                                                     :
      Relator,

                                                     :

v.                                                                          No. 19AP-398

                                                     :

Industrial Commission of Ohio et al.,                                      (REGULAR CALENDAR)

                                                     :

      Respondents.

                                                     :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 4, 2021

---

*Morrow & Meyer, LLC,* and *Corey L. Crognale,* for relator*.*

*Dave Yost,* Attorney General, *Anna Isupova,* for respondent Industrial Commission of Ohio.

---

IN MANDAMUS

**{¶ 4}**   Relator, Healthcare Services Group, Inc. ("Healthcare") brings this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting permanent total disability ("PTD") compensation to respondent James H. Carroll, and enter an order denying such compensation.

Findings of Fact:

**{¶ 5}**   1. Carroll was injured in the course and scope of his employment with Healthcare on December 14, 2011, when he injured his lower back.  (Stip. at 1.)

{¶ 6}  2. Carroll's claim was allowed for "sprain lumbar region" and "disc protrusion L4-L5."  (Stip. at 86.)

{¶ 7}  3. Carroll file a motion to allow additional claims for major depressive disorder and anxiety disorder, culminating in a right-to-participate action in the Franklin County Court of Common Pleas.  By judgment entered January 26, 2017, pursuant to a jury verdict in favor of Healthcare, the court denied Carroll's right to participate for the additional conditions.

{¶ 8}  4. In the course of the right-to-participate action, Carroll sat for deposition on July 29, 2016 giving testimony about his personal level of physical activity and other circumstances related to his claims.  Eleven pages of that deposition are included in the present stipulated record.

{¶ 9}  5. In his deposition, Carroll discussed traveling to Tennessee since his injury to visit his daughter.  He stated that the last time he had traveled to Tennessee was about 45 days before the deposition when he drove from Ohio to Florida for a funeral and stopped in Tennessee to see his daughter both on the way down and on the way back.  He made the trip unaccompanied and drove by himself the entire way.  (Stip. at 42.)  He visited with his daughter perhaps once or twice a year in recent years.  (Stip. at 45.)  He always drove alone because his wife could not get time off work.  (Stip. at 46.)  Some three or four years before the deposition, Carroll and his wife drove to Myrtle Beach for vacation.  He also drove once a year to visit his mother in Alabama.  (Stip. at 69.)

{¶ 10}  6. Carroll filed his PTD application on April 6, 2018.  (Stip. at 2.)

{¶ 11} 7. Carroll's treating physician, Brian M. Oricoli, M.D., produced a February 8, 2017 report pursuant to examination opining that Carroll was permanently disabled and his back injuries prevented him from returning to work.  (Stip. at 16.)  Dr. Oricoli reported that Carroll could only sit, stand, or walk for less than ten minutes without interruption.  (Stip. at 17.)

{¶ 12} 8. Carroll received an examination at the request of Healthcare by Michael J. Rozen, M.D., to evaluate the allowed physical conditions.  Dr. Rozen's report opined that "despite his subjective pain complaints, he is capable of sitting for at least 20 to 30 minutes at a time with the ability to change positions."  (Stip. at 25.)  Dr. Rozen opined that "based on his allowed claim conditions and objective physical findings he is able to participate in

at least sustained sedentary remunerative employment related to the work incident, subject of this claim. ." (Stip. at 24.)

{¶ 13} 9. A commission doctor, James J. Sardo, M.D., examined Carroll and produced a report on October 15, 2018. (Stip. at 30.) Dr. Sardo concluded as follows: "His physical limitations include significant restriction of lumbar range of motion and difficulty with ambulation. He would be able to perform sedentary work duties including primarily sitting and moving up to 10 pounds on an occasional basis." (Stip. at 30.)

{¶ 14} 10. A commission staff hearing officer ("SHO") heard the matter and on February 15, 2019 issued an order stating that Carroll was unable to perform any sustained remunerative employment solely as a result of the medical impairment caused by his allowed physical conditions. (Stip. at 86.) The SHO specifically held that the finding was based on the February 8, 2017 medical report of Dr. Oricoli and Carroll's personal testimony at the PTD hearing. (Stip. at 86.) The SHO specified that it was "not necessary to discuss or analyze the Injured Worker's non-medical disability factors." (Stip. at 86.)

{¶ 15} 11. Healthcare filed a request for reconsideration before the commission on March 5, 2019. (Stip. at 88.) The commission denied reconsideration by order dated March 12, 2019. (Stip. at 99.)

{¶ 16} 12. Healthcare filed its complaint in mandamus on June 24, 2019.

Discussion and Conclusions of Law:

{¶ 17} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 18} "It is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's." *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373, 376 (1996). In the present case, some evidence exists in the form of the medical report relied upon by the SHO in reaching the determination that Carroll is permanently and totally disabled. The relevant inquiry in a PTD application is whether the claimant is capable of performing "sustained remunerative employment." R.C. 4123.58(C)(2); *State ex rel. Pilarczyk v. Geauga Cty.*, 157 Ohio St.3d 191, 2019-Ohio-2880, ¶ 11; *State ex rel. Domjancic v. Indus. Comm.*, 69 Ohio St.3d 693, 695 (1994); *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167 (1987). Payment of PTD is inappropriate where there is evidence of actual sustained remunerative employment. *State ex rel. Kirby v. Indus. Comm.*, 97 Ohio St.3d 427, 2002-Ohio-6668, or the physical ability to perform sustained remunerative employment, *State ex. rel. Schultz v. Indus. Comm.*, 96 Ohio St.3d 27, 2002-Ohio-3316, or the claimant has engaged in activities so medically inconsistent with the disability evidence that they impeach the medical evidence underlying the award. *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086, ¶ 16.

{¶ 19} Healthcare asserts here that both the conflicting medical reports and Carroll's own account of his travel activities are sufficient to impeach Dr. Oricoli's report and opinion. While it is certainly permissible to impeach a medical report with the claimant's testimony or other testimony regarding the claimant's level of physical activity, *Lawson, supra,* that does not mean that it is *obligatory* that the commission consider medical reports definitively impeached by such testimony. The commission retains its full discretion as finder of fact to weigh the evidence, and as long as there is some evidence, as there was here in the form of Dr. Oricoli's medical report, the commission's determination is not an abuse of discretion.

{¶ 20} The claimant's testimony may constitute some of the evidence upon which the commission relies. *State ex rel. G&J Pepsi Cola v. Indus. Comm.*, 10th Dist. No. 07AP-642, 2008-Ohio-3564, ¶ 45-46. Carroll testified before the SHO that he requires help with bathing and dressing and utilizes a cane to walk. (Stip. at 86.) The SHO could choose to weigh the more recent testimony regarding impairment more heavily. As the exclusive evaluator of weight and credibility of evidence, the commission's determination will not be reviewed in this mandamus action on the basis that this court might simply disagree with the commission's assessment of the weight and probative value of the conflicting medical

reports and testimony. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981). The purported conflicts presented as impeaching evidence often present variations in degree rather than absolute contradictions:

> One of the most enduring (though not often explicitly stated) misconceptions about PTD is that once it is granted, the recipient must thereafter remain virtually housebound. This is a fallacy. PTD exempts no one from life's daily demands. Groceries must be purchased and meals cooked. Errands must be run and appointments kept. The yard must be tended and the dog walked. Where children are involved, there may be significant chauffeur time. For some, family and friends shoulder much of the burden. Others, on the other hand, lack such support, leaving the onus of these chores on the PTD claimant.
>
> These simple activities can nevertheless often generate considerable controversy. * * * *State ex rel. Parma Comm. Gen. Hosp. v. Jankowski*, 95 Ohio St.3d 340, 2002-Ohio-2336, acknowledged this and cautioned against an automatic disqualification from compensation based on the performance of routine tasks * * *. We instead compared the activities with claimant's medical restrictions to determine whether they were so inconsistent as to impeach the medical evidence underlying the disability award.

*Mondie Forge,* 104 Ohio St.3d 39, 2004-Ohio-6086 at ¶ 20-21.

{¶ 21} As the Supreme Court of Ohio did in Mondie Forge, the magistrate finds that the commission did not abuse its discretion considering the medical disability factors in awarding PTD in this case, and the existence of contradictory evidence is not a grounds for finding such an abuse of discretion. It is accordingly the magistrate's decision and recommendation that the court deny the requested writ of mandamus.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii),

unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).