[Cite as *State ex rel. Cincinnati v. Indus. Comm.*, 2024-Ohio-4915.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. City of Cincinnati, | : | |
| Relator, | : | No. 22AP-431 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on October 10, 2024

**On brief:** *Dinsmore & Shohl LLP*, *Brian P. Perry*, and *Anthony V. Jagoditz*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *David M. Canale*, for respondent Industrial Commission of Ohio.

**On brief:** *Connor*, *Kimmet & Hafenstein LLP*, and *Karen D. Turano*, for respondent Joshua K. Knoechel.

IN MANDAMUS

JAMISON, J.

{¶ 1} Relator, the City of Cincinnati, commenced this original action requesting this court to issue a writ of mandamus ordering respondent, the Industrial Commission of Ohio ("commission"), to vacate its order exercising continuing jurisdiction to allow the workers' compensation claim of claimant, Joshua K. Knoechel, for papillary thyroid cancer and to reinstate the March 11, 2022 order of the Staff Hearing Officer ("SHO") denying the claim.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred this matter to a magistrate. The magistrate issued the appended

decision, including findings of fact and conclusions of law, recommending that this court deny Cincinnati's request for a writ of mandamus. Cincinnati filed no objections.

{¶ 3} In deciding this action, the magistrate relied on our decision in *State ex rel. Cincinnati v. Indus. Comm.*, 10th Dist. No. 21AP-702, 2023-Ohio-3638 ("case 21AP-702"). In case 21AP-702, the claimant was also a firefighter with thyroid cancer who filed an application for workers' compensation benefits. Like in this case, Cincinnati—the employer of the claimant in case 21AP-702—asked Rafid Kakel, M.D., to review the claimant's medical records. Dr. Kakel made the same initial findings in case 21AP-702 as he did in his January 5, 2022 report in this case. However, Dr. Kakel reached additional findings in case 21AP-702 in an addendum report that he did not also reach in this case. Case 21AP-702 followed the same procedural path as this case, resulting in Cincinnati seeking a writ of mandamus.

{¶ 4} As the magistrate points out, the arguments Cincinnati asserts in this case are essentially identical to the arguments it raised in case 21AP-702. The magistrate correctly rejected Cincinnati's first argument—that the commission improperly exercised continuing jurisdiction—based on the reasoning in case 21AP-702. However, in rejecting Cincinnati's second argument, the magistrate relied on analysis in case 21AP-702 that addressed a medical opinion that Dr. Kakel did not make in this case.

{¶ 5} By its second argument, Cincinnati contends that the SHO correctly applied the rebuttable presumption in R.C. 4123.68(X)(2)(b), and that the commission misapplied it. Under the relevant presumption, a firefighter is presumed to have contracted cancer in the course of and arising out of his employment absent evidence "that shows, by a preponderance of competent scientific evidence, that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged." R.C. 4123.68(X)(2)(b). In case 21AP-702, Dr. Kakel opined in his addendum report that exposure to group 1 and 2A carcinogens would not be expected to cause the claimant's thyroid cancer. Thus, we considered whether this opinion rose to the level of a preponderance of competent scientific evidence, as required to rebut the presumption under R.C. 4123.68(X)(2)(b). This case, however, contains no similar opinion testimony. Consequently, the magistrate should not have relied on case 21AP-702 to address Cincinnati's second argument. We, therefore,

strike from the magistrate's decision the quote to paragraphs 32 and 33 of case 21AP-702 and the paragraph following the quote.

{¶ 6}   In the present case, Dr. Kakel merely opined that there is insufficient medical evidence to establish claimant's occupation as a firefighter as a cause of his thyroid cancer. To rebut the presumption under R.C. 4123.68(X)(2)(b), Cincinnati had to produce a "preponderance of competent scientific evidence" that group 1 and 2A carcinogens "did not or could not have caused" claimant's thyroid cancer.  Dr. Kakel's report only highlighted the lack of competent scientific evidence establishing a causal link between group 1 and 2A carcinogens and claimant's cancer; it did not point to any competent scientific evidence demonstrating that group 1 and 2A carcinogens did not or could not cause claimant's cancer.  Consequently, the commission correctly applied the rebuttable presumption in R.C. 4123.68(X)(1) and (2)(b) and did not abuse its discretion when it found Dr. Kakel's January 5, 2022 report did not, by a preponderance of competent scientific evidence, find that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer.

{¶ 7}   Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that Cincinnati is not entitled to the requested writ of mandamus.  Accordingly, we adopt the magistrate's findings of fact and, as outlined above, we adopt the magistrate's conclusions of law as modified.  Therefore, we deny the request for a writ of mandamus.

*Writ of mandamus denied.*

BEATTY BLUNT and LELAND, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. City of Cincinnati, | : | |
| Relator, | : | |
| v. | : | No.  22AP-431 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 16, 2024

*Dinsmore & Shohl LLP*, *Brian P. Perry*, and *Anthony V. Jagoditz*, for relator.

*Dave Yost*, Attorney General, and *David M. Canale*, for respondent Industrial Commission of Ohio.

*Connor, Kimmet & Hafenstein LLP*, and *Karen D. Turano*, for respondent Joshua K. Knoechel.

IN MANDAMUS

{¶ 8}  Relator, City of Cincinnati ("employer"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order exercising continuing jurisdiction and issue an order denying continuing jurisdiction.

Findings of Fact:

{¶ 9}   1. The present action involves the same employer and same issues this court addressed in *State ex rel. Cincinnati v. Indus. Comm.*, 10th Dist. No. 21AP-702, 2023-Ohio-3638 ("case 21AP-702" or "*Cincinnati*"). In case 21AP-702, which was a mandamus action brought by another firefighter with thyroid cancer, this magistrate denied the employer's request for writ of mandamus. The employer objected, and the court overruled the employer's objections, affirming the magistrate's decision.

{¶ 10}   2. On June 30, 2020, respondent in the present matter, Joshua K. Knoechel ("claimant"), was diagnosed with thyroid cancer (papillary thyroid carcinoma) while employed as a firefighter for the employer, for whom he had worked since October 2012.

{¶ 11}   3. On October 5, 2021, claimant filed an application for workers' compensation benefits. Accompanying his application was a C-265 Presumption of Causation for Firefighter Cancer, in which claimant indicated he was exposed to each of the 16 group 1 or 2A carcinogens, as well as the category marked "other." Claimant indicated that he had been assigned to hazardous duty as a firefighter for the employer from October 14, 2012, to the present. Claimant also indicated that he had been employed as a firefighter for the Montgomery Fire Department from June 2009 to June 2013, and the Covington Fire Department from October 2011 to November 2012.

{¶ 12}   3. At the request of the employer, Rafid Kakel, M.D., reviewed claimant's application and various medical records. In his January 5, 2022, report, Dr. Kakel found the following: (1) the only well-established risk factor for the development of thyroid cancer is exposure to ionizing radiation, particularly in childhood (citing the article "Nonradiation Risk Factors for Thyroid Cancer in the U[.]S[.] Radiologic Technologists Study," from the American Journal of Epidemiology); (2) it is unclear whether claimant has any past history of significant exposure to ionizing radiation; (3) positive family history is also a risk factor; however, the medical records do not describe any family history of thyroid cancer; (4) many cases of thyroid cancer develop without any known risk factor; (5) there is insufficient objective medical evidence to support that claimant's papillary thyroid cancer is related to the claimant's occupation as a firefighter by way of direct causation; (6) review of the medical literature does not support a causal relationship between working as a firefighter and developing thyroid cancer; and (7) research has been done regarding thyroid cancer in

World Trade Center-exposed firefighters, with one study noting that no chemical substance has been consistently associated with thyroid cancer in humans and previously reported excess thyroid cancer rates among fire department World Trade Center-exposed firefighters are likely associated with overdiagnosis owing to medical surveillance (citing the article "Evaluation of Medical Surveillance and Incidence of Post-September 11, 2001, Thyroid Cancer in World Trade Center-Exposed Firefighters and Emergency Medical Service Workers," from JAMA Internal Medicine.).

{¶ 13} 4. Claimant filed with the commission a July 1, 2021, addendum report that Dr. Kakel authored for case 21AP-702. In this report, Dr. Kakel found the following: (1) exposures to group 1 and 2A carcinogens would not be expected to cause claimant's thyroid cancer; (2) although claimant was exposed to group 1 carcinogens as a firefighter, there is insufficient evidence to support that this exposure is associated with the development of thyroid cancer; (3) the only well-established risk factor for the development of thyroid cancer is exposure to ionizing radiation, particularly in childhood; (4) many cases of thyroid cancer develop without any known risk factor; (5) review of the medical literature does not support a causal relationship between working as a firefighter and developing thyroid cancer; (6) claimant's exposure to cigarettes, tobacco products, or other conditions do not present a high risk for the development for thyroid cancer so as to have been a significant factor in the cause or progression of the thyroid cancer; and (7) there was sufficient evidence that claimant was exposed to group 1 carcinogens, including coal, indoor emissions from household combustion; coal gasification; coal-tar distillation; and coal-tar pitch.

{¶ 14} 5. Claimant's request to have his claim allowed for thyroid cancer was referred to the commission for a hearing, and, after the hearing, a district hearing officer ("DHO") denied claimant's claim in a January 29, 2022, order, finding the following: (1) claimant has met the requirements of R.C. 4123.68(X)(1) and a presumption exists that his thyroid cancer was contracted in the course of his employment; (2) however, the employer has presented medical evidence in the form of a January 5, 2022, opinion from Dr. Kakel, who found there is insufficient medical evidence to support that claimant's thyroid cancer is due to exposure to agents classified by the International Agency for Research on Cancer as a group 1 or 2A carcinogen; exposure to ionizing radiation is the only

well-established risk factor for the development of thyroid cancer; and there is insufficient evidence that claimant was exposed to ionizing radiation during the course of his employment as a firefighter; (3) Dr. Kakel's opinion constitutes evidence to rebut the presumption as provided in R.C. 4123.68(X); and (4) the application is denied and the claim is disallowed. Claimant appealed.

{¶ 15} 6. After a hearing before a staff hearing officer ("SHO"), the SHO affirmed the DHO's order in a March 11, 2022, order, finding the following: (1) claimant's application is denied; (2) claimant failed to satisfy his burden of proving by a preponderance of the evidence that he sustained an injury or contracted an occupational disease in the course of and arising out of his employment; (3) it is uncontested that claimant satisfied the requirements of R.C. 4123.68(X), and he was diagnosed with thyroid cancer; (4) a statutory presumption exists that claimant's thyroid cancer was contracted in the course of and arising out of his employment as a firefighter; (5) however, the employer rebutted the statutory presumption; and (6) Dr. Kakel found in his report that the medical and scientific evidence did not support a causal relationship between working as a firefighter and developing thyroid cancer. Claimant appealed.

{¶ 16} 7. In a March 31, 2022, order, the commission refused further appeal.

{¶ 17} 8. Claimant filed a request for reconsideration based on a mistake of law, which the commission granted on April 16, 2022.

{¶ 18} 9. After a hearing, the commission issued an order on May 28, 2022. Commissioners James M. Hughes and Daniel J. Massey voted to exercise the commission's continuing jurisdiction, found there was a clear mistake of law in the SHO's order, granted claimant's request for reconsideration, vacated the SHO's order, and allowed the claim for papillary thyroid cancer. Commissioner Karen L. Gillmor dissented. The majority found the following: (1) the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X); (2) the evidence satisfies the two prerequisites, under R.C. 4123.68(X)(1), for the establishment of a rebuttable statutory presumption that claimant's cancer was contracted in the course of and arising out of his employment as a firefighter; (3) the presumption established under R.C. 4123.68(X)(1) has not been rebutted by additional evidence pursuant to R.C. 4123.68(X)(2); specifically, Dr. Kakel's January 5, 2022, report does not rise to the level of being scientific evidence that claimant's

exposures did not cause, or could not have caused, the development of his papillary thyroid cancer; (4) Dr. Kakel makes no specific reference to the exposure information contained in claimant's C-265 Presumption of Causation for Firefighter Cancer; (5) the report cites only two thyroid cancer studies, but there are clearly more than two potentially relevant studies available, as copies of two other studies were filed in the claim on March 7, 2022; and (6) Dr. Kakel's January 5, 2022, report is very similar to his reports dated April 22, 2021, and July 1, 2021, which were prepared for defense in a different claim of a Cincinnati firefighter with thyroid cancer, but which were found to not rebut the statutory presumption.

{¶ 19} In dissenting, Commissioner Gillmor found the following: (1) the majority's exercise of continuing jurisdiction was merely a re-weighing of the evidence; (2) it was not a clear mistake of law for the SHO to find the presumption rebutted by the January 5, 2022, report of Dr. Kakel; (3) Dr. Kakel reviewed medical literature and cited to studies regarding research on the development of thyroid cancer in firefighters and found the medical literature does not support a causal relationship between working as a firefighter and developing thyroid cancer; (4) Dr. Kakel noted that the only well-established risk factor for the development of thyroid cancer is exposure to ionizing radiation, particularly in childhood, and many cases of thyroid cancer develop without any known risk factor; (5) Dr. Kakel also cited a study finding there is no chemical substance that has been consistently associated with the development of thyroid cancer; (6) if reports from medical doctors that include review of relevant scientific studies do not constitute competent scientific evidence, then it is unknown what would constitute such evidence; (7) nothing requires a particular number of studies that must be evaluated in order for evidence to sufficiently rebut the presumption; (8) Dr. Kakel reviewed the First Report of an Injury Occupational Disease or Death form, which alleged development of thyroid cancer by exposure to group 1 and 2A carcinogens while working as a firefighter, and claimant's C-265 alleged exposures to every group 1 and 2A carcinogens listed on the form; thus, Dr. Kakel was clearly aware that claimant was alleging exposure to group 1 and 2A carcinogens; furthermore, Dr. Kakel noted there is no known chemical that has been consistently associated with the development of thyroid cancer, rendering a recitation of the specific carcinogen exposures alleged unnecessary; and (9) there was no clear mistake of law of such character that

remedial action would follow in the SHO order, and the commissioner would deny claimant's request for reconsideration.

{¶ 20} 10. On July 18, 2022, the employer filed the instant mandamus action, requesting that this court vacate the commission's order that exercised continuing jurisdiction and allowed the claim for papillary thyroid cancer.

Conclusions of Law and Discussion:

{¶ 21} The magistrate recommends that this court deny the employer's request for a writ of mandamus.

{¶ 22} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 23} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 24} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." R.C. 4123.52(A) contains a clear and broad grant of continuing jurisdiction to the commission. *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 15. However, that jurisdiction is conditioned on specific criteria: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998).

{¶ 25} A clear mistake of law exists when the hearing officer applies the wrong law to the facts in the administrative record. *State ex rel. Waste Mgt. of Ohio, Inc. v. Indus.*

*Comm.*, 10th Dist. No. 19AP-453, 2021-Ohio-2478, ¶ 45, citing *State ex rel. McNea v. Indus. Comm.*, 131 Ohio St.3d 408, 2012-Ohio-1296, ¶ 10.

{¶ 26} R.C. 4123.68(X) provides:

(1) Cancer contracted by a firefighter: Cancer contracted by a firefighter who has been assigned to at least six years of hazardous duty as a firefighter constitutes a presumption that the cancer was contracted in the course of and arising out of the firefighter's employment if the firefighter was exposed to an agent classified by the international agency for research on cancer or its successor organization as a group 1 or 2A carcinogen.

(2) The presumption described in division (X)(1) of this section is rebuttable in any of the following situations:

(a) There is evidence that the firefighter's exposure, outside the scope of the firefighter's official duties, to cigarettes, tobacco products, or other conditions presenting an extremely high risk for the development of the cancer alleged, was probably a significant factor in the cause or progression of the cancer.

(b) There is evidence that shows, by a preponderance of competent scientific evidence, that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged.

(c) There is evidence that the firefighter was not exposed to an agent classified by the international agency for research on cancer as a group 1 or 2A carcinogen.

(d) There is evidence that the firefighter incurred the type of cancer alleged before becoming a member of the fire department.

(e) The firefighter is seventy years of age or older.

(3) The presumption described in division (X)(1) of this section does not apply if it has been more than fifteen years since the firefighter was last assigned to hazardous duty as a firefighter.

(4) Compensation for cancer contracted by a firefighter in the course of hazardous duty under division (X) of this section is

payable only in the event of temporary total disability, working wage loss, permanent total disability, or death, in accordance with division (A) or (B)(1) of section 4123.56 and sections 4123.58 and 4123.59 of the Revised Code.

(5) As used in division (X) of this section, "hazardous duty" has the same meaning as in 5 C.F.R. 550.902, as amended.

{¶ 27} In the present case, the employer presents two arguments that are essentially identical to those the employer raised in case 21AP-702. The employer first argues that the commission improperly exercised continuing jurisdiction when it allowed the claim for papillary thyroid cancer. The employer contends that in support of denying the claim for thyroid cancer, the SHO correctly found that the employer rebutted the presumption in R.C. 4123.68(X)(1) by submitting Dr. Kakel's January 5, 2022, report; Dr. Kakel relied on medical documents and medical literature; and Dr. Kakel opined that the medical literature did not support a causal relationship between working as a firefighter and developing thyroid cancer. The employer asserts that the commission had to find a clear mistake of law to exercise continuing jurisdiction but, instead, merely cited a different interpretation of the evidence and improperly reweighed the evidence. The employer points out that the commission never indicates what the alleged error of law was, but states only that Dr. Kakel's reports fall short of showing that exposure to the carcinogens did not or could not have caused the cancer being alleged.

{¶ 28} In case 21AP-702, we rejected the employer's same argument, finding the following:

> The magistrate disagrees with the employer's arguments. The commission identified a clear mistake of law: the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X). Specifically, the commission determined that the April 22 and July 1, 2021, reports from Dr. Kakel fall short of showing by a preponderance of competent scientific evidence that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged, as required by R.C. 4123.68(X)(2)(b). This deficiency identified by the commission is not a mistake of fact. The misapplication of the rebuttable presumption in R.C. 4123.68(X)(2)(b) is a mistake of law. The commission did not disagree factually, per se, with Dr. Kakel's reports. Instead, the commission found that Dr.

> Kakel's findings do not rise to the requisite legal standard necessary to rebut the statutory presumption in R.C. 4123.68(X). Whether the commission was correct in concluding such, is the subject of the employer's second argument, addressed below. Therefore, the commission did not abuse its discretion when it found the SHO's decision contained a clear mistake of law sufficient to invoke continuing jurisdiction.

*Cincinnati* at ¶ 30.

{¶ 29} Likewise, in the present case, the commission identified a clear mistake of law: the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X). Specifically, the commission determined that the January 5, 2022, report from Dr. Kakel falls short of showing by a preponderance of competent scientific evidence that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged, as required by R.C. 4123.68(X)(2)(b). Therefore, for the same reasons explained in case 21AP-702, the commission did not abuse its discretion when it found the SHO's decision contained a clear mistake of law sufficient to invoke continuing jurisdiction.

{¶ 30} The employer's second argument is that the SHO correctly applied R.C. 4123.68(X)(2)(b), and the commission misapplied the rebuttable presumption. The employer asserts that the January 5, 2022, report from Dr. Kakel constituted competent scientific evidence that thyroid cancer did not and could not have been caused by claimant's duties as a firefighter. The employer claims the evidence rebutted the presumption afforded to claimant under R.C. 4123.68(X)(1), and there was no report from a physician or scientist stating that the thyroid cancer was caused by claimant's employment. The employer contests claimant's argument that Dr. Kakel's report is based merely on opinion rather than competent scientific evidence, given Dr. Kakel formed his opinion based on studies both specific to firefighters and thyroid cancer. Furthermore, the employer points out that claimant sought to fault Dr. Kakel's report because he does not provide evidence that the carcinogens alleged to have been encountered by claimant did not or could not have caused his thyroid cancer, given Dr. Kakel does not address every one of the enumerated carcinogens listed in form C-265; however, Dr. Kakel referenced the fact that studies have shown there is no chemical substance that has been associated with the development of

thyroid cancer in humans, aside from ionizing radiation during childhood. Thus, the employer asserts, there is no need for Dr. Kakel to discuss each and every carcinogen when the studies make it clear that there are no chemicals claimant was exposed to that could have contributed to the development of thyroid cancer. Dr. Kakel having rebutted the presumptions, argues the employer, claimant was required to meet his reciprocal burden of proving his thyroid cancer was causally related to his employment, but he failed to do so.

{¶ 31} In case 21AP-702, we rejected the employer's same argument, finding the following:

> The magistrate finds the employer's argument unpersuasive. The commission correctly applied the rebuttable presumption in R.C. 4123.68(X)(1) and (2)(b). The commission did not abuse its discretion when it found Dr. Kakel's report did not, by a preponderance of competent scientific evidence, find that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer. Dr. Kakel did provide a medical opinion that exposure to group 1 and 2A carcinogens would not be expected to cause claimant's thyroid cancer. However, Dr. Kakel's medical opinion alone cannot be said to rise to the level of a preponderance of competent scientific evidence. Thus, the issue comes down to what competent scientific evidence the employer presented to show that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer, and did the employer show that such competent scientific evidence constituted a preponderance of evidence. The only evidence the employer presented to the commission was the evidence relied on by Dr. Kakel in forming his opinion. Dr. Kakel relied on two articles: "Nonradiation Risk Factors for Thyroid Cancer in the U[.]S[.] Radiologic Technologists Study," from the American Journal of Epidemiology; and "Evaluation of Medical Surveillance and Incidence of Post-September 11, 2001, Thyroid Cancer in World Trade Center-Exposed Firefighters and Emergency Medical Service Workers," from JAMA Internal Medicine. Commissioners Hughes and Massey found that Dr. Kakel's April 22 and July 1, 2021, reports fall short of showing by a preponderance of competent scientific evidence that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged, as required by R.C. 4123.68(X)(2)(b).
>
> The magistrate agrees that these two articles do not establish that exposure to group 1 and 2A carcinogens did not or could

not have caused claimant's thyroid cancer. First, it should be noted that the record does not contain the actual articles cited by Dr. Kakel. Based on the summary portrayal by Dr. Kakel, the article "Nonradiation Risk Factors for Thyroid Cancer in the U[.]S[.] Radiologic Technologists Study" does not relate to firefighters exposed to the group 1 and 2A carcinogens listed in claimant's C-265 form; thus, its applicability to the facts at hand is not direct. As for the article, "Evaluation of Medical Surveillance and Incidence of Post-September 11, 2001, Thyroid Cancer in World Trade Center-Exposed Firefighters and Emergency Medical Service Workers," Dr. Kakel described its findings as being that no chemical substance has been "consistently" associated with thyroid cancer in humans, and previously reported excess thyroid cancer rates among fire department World Trade Center-exposed firefighters are "likely" associated with overdiagnosis owing to medical surveillance. The commission could have found that the less-than-certain conclusions in this single article do not rise to the level of a preponderance of competent scientific evidence showing that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer. Although this article does suggest support for the employer's attempt to rebut the presumption in R.C. 4123.68(X)(1), it does not conclude that group 1 and 2A carcinogens "did not" cause or "could not" have caused claimant's thyroid cancer. The commission could have reasonably found within its wide discretion that the evidence presented by the employer was insufficient. Therefore, the magistrate finds that the commission correctly applied the rebuttable presumption in R.C. 4123.68(X), and the employer's second argument is without merit.

*Cincinnati* at ¶ 32-33.

{¶ 32} Likewise, in the present case, the commission correctly applied the rebuttable presumption in R.C. 4123.68(X)(1) and (2)(b) and did not abuse its discretion when it found Dr. Kakel's January 5, 2022, report did not, by a preponderance of competent scientific evidence, find that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer. Therefore, for the same reasons explained in case 21AP-702, the commission in this case correctly applied the rebuttable presumption and R.C. 4123.68(X)(2)(b).

{¶ 33} Furthermore, on appeal in case 21AP-702, the court overruled the employer's objections to the magistrate's decision. The employer objected to the magistrate's conclusion that the SHO's order contained a clear mistake of law such that the commission properly invoked its continuing jurisdiction. However, the court found:

> We agree with the magistrate that the commission properly exercised its continuing jurisdiction based on a clear mistake of law because the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X). Specifically, the commission found that Dr. Kakel's reports did not find, by a preponderance of competent scientific evidence, that exposure to the type of carcinogens here did not or could not have caused [claimant's] thyroid cancer. Instead, we agree with the magistrate that while Dr. Kakel's reports contained his opinion of possible causation based on his interpretation of scientific articles, neither of the articles Dr. Kakel relied on made any direct conclusions about the exposure to the pertinent carcinogens and the causation of [claimant's] thyroid cancer. Although Dr. Kakel opined that [claimant's] exposure to the carcinogens may not have been the cause of [claimant's] thyroid cancer, Dr. Kakel's report did not show by a preponderance of competent scientific evidence that [claimant's] exposure to the carcinogens did not or could not have caused [claimant's] thyroid cancer. Thus, because Cincinnati put forth insufficient evidence to rebut the statutory presumption in R.C. 4123.68(X), the SHO's order contained a clear mistake of law.
>
> Additionally, we do not agree with Cincinnati that the magistrate improperly reweighed the evidence. Instead, the magistrate merely summarized the evidence before the commission and determined, correctly, that the evidence was legally insufficient to meet the statutory standard that the evidence must show by a preponderance of competent scientific evidence that exposure to the carcinogens did not or could not have caused [claimant's] thyroid cancer. Accordingly, we overrule Cincinnati's objections to the magistrate's decision, and Cincinnati is not entitled to a writ of mandamus. * * * Here, because the evidence was legally insufficient to rebut the statutory presumption, the commission correctly applied the statutory presumption in R.C. 4123.68(X) and exercised its continuing jurisdiction based on a clear mistake of law in the SHO's order. Thus, to avoid possible confusion, we strike that sentence from the magistrate's decision.

*Cincinnati* at ¶ 9-10.

{¶ 34} The magistrate's decision and the court's decision denying the employer's objections in case 21AP-702 address the pertinent issues raised by the employer in the present mandamus action. For the reasons stated in case 21AP-702 and reproduced above, the magistrate finds that the commission properly exercised continuing jurisdiction when it allowed the claim for papillary thyroid cancer, and the commission correctly applied the rebuttable presumption in R.C. 4123.68(X).

{¶ 35} Accordingly, it is the magistrate's recommendation that this court should deny the employer's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.